LENOIR D. MARTIN v. THE WROUGHT IRON RANGE COMPANY.

No. 14.

**Allegations of Negligence Sufficient to be Heard on the Facts.** M. sued the W. I. R. Co., alleging, that through its agent M. was employed to peddle its ranges; that he represented to its agent that he was not an expert driver, but could drive and handle a gentle team; its agent agreed to furnish him a gentle team, but furnished a dangerous team, and which the agent well knew was dangerous and difficult to manage. and that had repeatedly run away. M.. not knowing the disposition of said team, started with the team and wagon loaded with ranges, and en route the road passed between a hill on one side and a ravine on the other; that at said point a sapling had been bent across the road so that the seat of the wagon would not pass under. He locked his wagon. halting the same, and began gently to raise the sapling, when said team took fright, ran away, and threw M. out. and the wagon ran over him. whereby he was seriously injured.    *Held*, that the facts stated show a good cause of action.

APPEAL from Bexar.    Tried below before Hon. W. W. KING.

*Jno. A. & N. O. Green*, for appellant.—1.    The petition and allegations of negligence were sufficient.    Railway v. Bennett, 76 Texas, 155; 73 Texas, 2; 67 Texas, 188; 46 Texas, 356; 70 Texas, 530, 561; 69 Texas, 160; 6 S. W. Rep., 574.

2.    Whether plaintiff's injury was by his fault or accident was a question of fact.    Whittaker's Smith on Neg., 124; 2 Thomp. on Neg., 970, 972, 992; Whart. on Neg., secs. 206–210; Railway v. Silliphant, 70 Texas, 623.

*Houston Bros.*, for appellee, cited Williams v. Railway, 60 Texas, 205; 71 Texas, 355; 55 Texas, 110; 52 Texas, 178.

FLY, ASSOCIATE JUSTICE.—The sole question presented in this case is, Did the lower court err in sustaining exceptions to plaintiff's petition?

Plaintiff sued appellee for damages arising out of a personal injury inflicted through the gross negligence of appellee, and alleged, "That petitioner being an experienced business man, and of good reputation, applied to the said Wrought Iron Range Company corporation, at their general office at St. Louis, for employment in their service in Texas, to sell their wrought iron ranges, and was referred by the said corporation to its general agent in Texas, W. W. Culver, Jr., aforesaid, who then kept the office of said corporation at Liberty, Texas. Accordingly, on the 23rd day of January, 1888, petitioner presented himself to the said agent of said corporation, W. W. Culver, Jr., at Liberty aforesaid, and then and there was employed by the said W. W. Culver, Jr., acting as agent of the said corporation, to serve the said corporation as a driver of one of their said teams, and to peddle the said ranges for them, and make sales thereof. Petitioner further avers and shows, that before accepting employment from the said corporation or engaging in their service, he distinctly informed the agent of said company that he had been raised on a farm, and had been in the habit of handling gentle teams, and that he was not an expert driver, though able to handle a gentle team, and he then and there requested the agent of said corporation to give him a gentle team, which the said agent promised then and there he would do. That notwithstanding the knowledge on the part of the defendant that petitioner was not an expert driver, the said defendant corporation, by their agent, gave to your petitioner a team of mules to drive in the employ of said company that was a dangerous team, and well known by said company to be dangerous and difficult to manage. That the said team had been in the employment of the company for a long period of time before the time they were delivered to your petitioner, and had run away in harness repeatedly, and was known by the said company as a dangerous team to drive, and especially by one who was not an expert driver. That upon your petitioner being assigned to the district embraced in Polk County, Texas, not knowing the nature or disposition of the team that was given him, and believing they were gentle and easy to manage, as had been promised by the defendant, he started for the said district with wrought iron ranges in his wagon, to sell for said company. And petitioner avers and shows, that shortly after crossing Menard Creek, on his way to the said district from the town of Liberty aforesaid, on the 12th day of February, 1888, the road passed between a hill on one side and a ravine on the other, between which there was a narrow space for a road bed; that at the said point petitioner found a small tree or sapling had by some means been bent across the road, so that the seat of his wagon would not pass under it, and therefore, taking care first to lock the brake to his wagon and halting the same, he began

gently to raise the sapling out of the way, when the said mules, upon his dropping the lines and taking hold of said sapling, at once broke into the greatest fright, and so sudden and unexpected was their movement that your petitioner was thrown down, and finally fell over the dashboard and under the heels of the said frightened mules, which continued to run, causing said wagon to go over your petitioner's body, then and there dislocating petitioner's left shoulder, breaking three of petitioner's ribs on his left side, and otherwise bruising and greatly injuring petitioner."

To this petition the defendant (appellee) interposed the following exceptions:

1. That the petition was not properly endorsed.

2. "That said pleading shows upon its face that any injury that may have been sustained by plaintiff was occasioned through his own negligence and want of care."

3. "That it shows upon its face that the injury complained of occurred to plaintiff by reason of no fault of defendant, but was an accident for which it was in no way responsible, occurring in the course of plaintiff's employment, and was one of the risks assumed by plaintiff in taking the employment as one of the ordinary risks of the service."

The allegations of the petition must all be taken together in order to ascertain whether or not a cause of action has been presented. It was doubtless the opinion of the lower court that the allegation as to the manner in which the accident occurred showed such want of ordinary care and precaution on the part of plaintiff as to preclude him from recovering for any damages that resulted to him by reason of the mules running away. Is this true as a matter of law? Suppose plaintiff had made the same allegations of not being an expert driver, of contracting for a gentle team, of the team given him being wild and unmanageable, of defendant being unacquainted with their disposition and proclivities, and then had alleged, that without any provocation whatever the mules had begun to kick, and had broken the leg of plaintiff, who was trying to control them, would there be any doubt as to his having stated a good cause of action? If not, then it must be the immediate circumstances surrounding the accident that determined the opinion of the lower court. Plaintiff says, that he was driving along, and finding a sapling bent over the road, stopped the wagon, put on the brakes, dropped the reins, and was gently lifting the sapling when the mules ran away. Can this court say that it is such negligence and carelessness in a man, who believes he is driving a gentle team, to apply the brakes to his wagon, put down the lines, and lift a sapling hanging over a road, that he can not introduce proof under allegations setting forth the aforementioned facts? We think not. We believe that the allegations in the petition present such a case as entitles plaintiff, if he so desires, to have it submitted under proper instructions

to a jury, and it is a question of fact for them to determine whether under the proof the plaintiff is entitled to recover.

We can not hold that under all circumstances, as a matter of law, it would be negligence and carelessness for a man to lay down his lines and attempt to lift a sapling out of the road, as alleged; and from the fact that we can not do this, makes it a question to be determined under the proof.    There are instances when the mere statement of the circumstances would preclude the right to recover damages, but this is not one of them. Ordinarily, negligence or contributory negligence is a question of fact to be found by the jury, and it can never be held that an act is one of negligence under the law unless it is of such a nature that a jury would have no authority to pass on it.    In other words, it must be a question whose status is fully determined by the law, and not a question of doubt to be determined under proof.    We hold, that the petition in this case does not present allegations under which we can say, as a matter of law, that the plaintiff has no right to recover damages.    This view of the law disposes of the second exception.

The third exception is not well taken, because plaintiff alleges that he had contracted for a gentle team, and certainly did not assume any risks incident to driving a vicious team.    In a foot note to the brief of appellant, he says the exception as to the petition not being properly endorsed was waived by appellee in the lower court, and as appellee does not mention the matter in its brief, but tacitly admits it, we need not consider that point.

For the errors indicated, the judgment of the lower court is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered September 20, 1893.