## HARRY MAY v. THE STATE.

No. 1698. Decided February 8, 1899.

**Misdemeanor Recognizance on Appeal Must State the Fine Imposed.**

A recognizance on appeal from a misdemeanor judgment for a fine, to be sufficient must, under article 887, Code of Criminal Procedure, as amended by Act of the Twenty-fifth Legislature, state the fine assessed against the appellant in the lower court.

APPEAL from the County Court of Wise. Tried below before Hon. J. T. JOHNSON, County Judge.

Appeal from a conviction for playing cards in a public place; penalty, a fine of $10.

No statement necessary.

No briefs on file for appellant.

*Robt. A. John*, Assistant Attorney-General, for the State, filed a motion to dismiss the appeal for insufficiency of the recognizance, in that it failed to recite the punishment assessed against the appellant, as required by article 887, Code of Criminal Procedure.

HENDERSON, JUDGE.—Appellant was convicted of gaming, and his punishment assessed at a fine of $10, and he appeals.

The Assistant Attorney-General moves to dismiss the appeal herein, on the ground that the recognizance is not sufficient to give this court jurisdiction. The Twenty-fifth Legislature amended article 887 of the Code of Criminal Procedure, and provided a form for recognizance on appeal in misdemeanor cases. Among other things, said bond is conditioned that "appellant, who has been convicted in this case of a mis-

demeanor, and his punishment assessed at $——, as more fully appears from the judgment of conviction duly entered in this cause, shall appear before this court from day to day, and from term to term of same, and not depart without leave of this court, in order to abide the judgment of the Court of Criminal Appeals of the State of Texas in this case." The motion to dismiss is predicated on the ground that the recognizance herein does not state the fine assessed against appellant. The form provided requires that this be stated, and we know of no authority to dispense with .this requirement. The motion of the Assistant Attorney-General is accordingly sustained, and the appeal is dismissed.

*Reversed and dismissed.*

DAVIDSON, Presiding Judge, absent.