### A. T. ROBERTSON v. THE STATE.

#### No. 2866. Decided January 13, 1904.

**Recognizance on Appeal.**

A recognizance is defective which does not state that appellant was convicted of a misdemeanor "in this cause," and in which it is not made to appear in what cause he was convicted; it also is more onerous than the statute provides, in that it requires him to make his "personal" appearance, and is further defective in not complying with article 887, Code Crim. Proc., in not stipulating that appellant "do not depart without leave of this court."

Appeal from the County Court of Collin. Tried below before Hon. J. M. Pearson.

Appeal from a conviction for an aggravated assault; penalty, a fine of $100.

No statement necessary.

*Abernathy & Abernathy,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of an aggravated assault, and fined $100. The Assistant Attorney-General moves to dismiss the appeal because the recognizance does not comply with article 887, Code Crim. Proc. First, it does not state that appellant was convicted of a misdemeanor "in this cause," and it is not made to appear in what

cause he was convicted; second, it is more onerous than the law provides, in that it requires him to make his "personal" appearance; third, because it states "until discharged by due course of law," instead of "not depart without leave of this court." The form of recognizance prescribed by article 887 is plain and simple, and we have repeatedly held that it should be complied with. The motion is well taken. Meeks v. State, 7 Texas Ct. Rep., 824. The appeal is accordingly dismissed.

*Appeal dismissed.*