## J. W. HANNON ET AL v. THE STATE.

### No. 2862.    Decided May 3, 1905.

**Recognizance—Dismissal—Judgment—Appeal.**

Where upon appeal from a conviction of a misdemeanor, the recognizance did not conform with article 887, Code Criminal Procedure, in not sating that appellant was convicted of a misdemeanor, etc., and the appeal was dismissed in the Court of Criminal Appeals; and afterwards a forfeiture was taken upon such defective recognizance in the court below. Held error, as such recognizance was insufficient to constitute the basis of a judgment.

Appeal from the County Court of Gonzales. Tried below before Hon. W. W. Glass.

Appeal from a judgment final of $1500, upon forfeited recognizance and judgment nisi.

The opinion states the case.

*T. F. Harwood* and *C. C. Walsh,* for appellant.—Ramsey v. State, 37 S. W. Rep., 330; Mara v. State, 45 S. W. Rep., 594; Loveless v. State, 50 S. W. Rep., 361; Schoonmaker v. State, 37 Texas Crim. Rep., 424; Walker v. State, 24 S. W. Rep., 909; Garza v. State, 22 S. W. Rep., 139; Daily v. State, 4 Texas, 417; Sively v. State, 44 Texas, 274; Weber v. State, 5 Texas Ct. Rep., 93; Horton v. State, 4 Texas Ct. Rep., 895; Bolton v. State, 5 Texas Ct. Rep., 616; Hannon v. State, 7 Texas Ct. Rep., 969; Perkins v. State, 9 Texas Ct. Rep., 152.

*Howard Martin,* Assistant Attorney-General for the State.

BROOKS, JUDGE.—On August 27, 1902, J. W. Hannon, an employee of the Wrought Iron Range Company, was convicted in the County Court of Gonzales County, upon an information charging him with unlawfully engaging in, following and pursuing the occupation of a peddler, and peddling cooking stoves and ranges, an occupation then and there made taxable by law, without first having obtained a license to pursue such occupation, and upon conviction was sentenced to pay a fine of $600. From this judgment an appeal was taken to the Court of Criminal Appeals; and upon taking the appeal J. W. Hannon, entered into a recognizance bond, with J. D. Sayers, Jr. and W. J. Bright as sureties, conditioned "that the said J. W. Hannon, who stands charged in this court with the offense of pursuing occupation without license, and who has been convicted of said offense in this court, shall appear before the court from day to day and from term to term of the same, and not depart without leave, in order to abide the judgment of the Court of Criminal Appeals of the State of Texas in this case." This recognizance was for the sum of $1500. On April 15, 1903, Hannon's appeal was dimissed by this court, upon the ground that the recognizance was fatally defective, because it failed to allege that Hannon was convicted of a misdemeanor, and also failed to allege the amount of the fine imposed. Hannon v. State, 7 Texas Ct. Rep., 969; 73 S. W. Rep., 1053. At the same term of the court at which Hannon's appeal was dismissed, this court held that the statute for the violation of which Hannon was convicted did not apply to persons who conducted their business in the method pursued by Hannon, as it was interstate commerce. Potts v. State, 74 S. W. Rep., 31. After the dismissal of Hannon's appeal, said cause was called in the county court of Gonzales County, and Hannon failing to make his appearance, his recognizance bond was forfeited on the 26th day of May, 1903, and judgment nisi was taken against Hannon as principal, and J. D. Sayers, Jr. and W.

J. Bright, the sureties on his recognizance bond, in the sum of $1500; and this judgment was made final on August 22, 1904. From this judgment appellants have appealed to this court.

This court having held that the recognizance upon which the judgment final was predicated was totally insufficient to authorize this court to take jurisdiction of the case and dispose of it on its merits, it would be insufficient to hold the sureties when a forfeiture was taken thereon in the lower court. Walker v. State, 24 S. W. Rep., 909. The recognizance did not conform with article 887, Code Criminal Procedure, in that it did not state that appellant was convicted of a misdemeanor; failed to state the amount of the punishment assessed against appellant, and failed to contain the clause "in this cause," instead of "in this court." See May v. State, 40 Texas Crim. Rep., 196; Meeks v. State, 7 Texas Ct. Rep., 824; Heinen v. State, 7 Texas Ct. Rep., 921; Armstrong v. State, 8 Texas Ct. Rep., 847; Loveless v. State, 50 S. W. Rep., 361.

Because the recognizance is insufficient to constitute the basis of the judgment, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*