## ACE BURTON v. THE STATE.

### No. 3111.    Decided October 11, 1905.

**1.—Local Option—Defective Recognizance.**

Where on an appeal from a local option conviction the recognizance does not state the amount of the punishment assessed against appellant as required by article 887, Code Criminal Procedure, it is defective.

**2.—Same—Application to File New Recognizance—Rules and Form.**

See opinion for rules and form governing the filing of new recognizance in lieu of a defective one, under Act of the 29th Legislature, page 224.

Appeal from the District Court of San Augustine. Tried below before Hon. James I. Perkins.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case.

*Davis & Davis,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, his punishment being fixed at a fine of $50 and twenty days confinement in the county jail.

The Assistant Attorney-General has filed a motion to dismiss this appeal because the recognizance is defective, in that it does not state the amount of the punishment assessed against appellant, as required by article 887, Code Criminal Procedure. An examination of the recognizance shows that the motion is well taken. May v. State, 40 Texas Crim. Rep., 196. The appeal is accordingly dismissed.

*Dismissed.*

### ON REHEARING.

### November 22, 1905.

BROOKS, JUDGE.—The appeal was dismissed on October 11, 1905, on the ground that the recognizance was defective, in that it did not

state the amount of the punishment assessed against appellant, as required by article 887, Code Criminal Procedure. May v. State, 40 Texas Crim. Rep., 196. The case now comes before us on the application of appellant to file a new recognizance, under the acts of the 29th Legislature, page 224, which provides:

"When an appeal has been or shall be taken from the judgment of any of the courts of this State by filing a bond or entering into a recognizance within the time prescribed by law in such case, and it shall be determined by the court to which appeal is taken that such bond or recognizance is defective in form or substance, such appellate court may allow the appellant to amend such bond or recognizance by filing a new bond on such terms as the court may prescribe."

It will be seen from this act, that the Legislature has provided that this court may permit a new recognizance to be filed, "on such terms as the court may prescribe." Under the power granted by this statute, we lay down the following rules to govern, where appellant seeks to file a new recognizance in lieu of a defective one originally entered into and which has been so decided by this court. If the case be in the district or county court, appellant, with two good and sufficient sureties (to be approved by said judge) shall appear in person and enter into a new recognizance before the district or county court, if in session, otherwise before the judge of said district or county court, as the case may be. The following is laid down as the form of such new recognizance:

"The State of Texas,

County of ...........

Whereas, on the .... day of ........ A. D. 190.., .......... was convicted in the ........ court of ............ county, State of Texas, in cause No. ...., styled The State of Texas v. .................., of a misdemeanor, and his punishment was assessed at a fine of ........ dollars, and ........ days confinement in the county jail; and

Whereas, the said ........ on the said ...... day of ........A. D. 190...in open court, gave notice of appeal to the Court of Criminal Appeals of the State of Texas; and

Whereas, on the said .... day of ........ A. D. 190..., the said defendant ................. did, with ................ (sureties) enter into a recognizance to perfect his said appeal; and

Whereas said recognizance is defective in its wording and form as decided by the Court of Criminal Appeals, on the .... day of ........ A. D. 190..

Now therefore, this instrument is executed in lieu of said defective recognizance.

And this day came into open court (or before the judge, as the case may be) ................. defendant in the above entitled cause, who, together with ...................... his sureties acknowledged themselves severally indebted to the State of Texas, in the penal sum of .................. Dollars; conditioned that the said ..........

Vol. 48 Crim.—35.

who has been convicted in this cause of a misdemeanor, and his punishment assessed at .................. as more fully appears by the judgment of conviction duly entered in this cause, shall appear before this court from day to day and from term to term of the same, and not depart without leave of this court, in order to abide the judgment of the Court of Criminal Appeals of the State of Texas in this case."

Thereupon the district or county clerk shall spread the same upon the minutes of the court, and prepare and send forward to the clerk of this court a certified copy of said new recognizance. Upon the receipt of the certified copy of said new recognizance by the clerk of this court, the same shall be attached to and made a part and parcel of the original transcript, and be taken by this court in lieu of the previous recognizance, and have all of the legal effect and significance that could and would have attached to the first recognizance if the same had not been defective.

It is further ordered that no new recognizance shall be filed in this court to cure a defective one, unless the party making the application to file the new recognizance, shall file such application within fifteen days from the date of the dismissal of the appeal by reason of the defective recognizance. And it is further ordered, after this court has granted appellant permission to file such new recognizance, he shall have the same filed with the clerk of this court, within twenty days from the date this court grants his request: otherwise the appeal will stand dismissed in accordance with the previous judgment of this court.

It follows therefore that appellant's request is granted, and he is allowed twenty days to file a new recognizance in the terms above provided.

*New recognizance allowed.*

Henderson, Judge, absent.