## BEN TIDWELL v. THE STATE.

### No. 497.   Decided March 30, 1910.

**1.—Local Option—Recognizance—Practice on Appeal—New Recognizance—Reinstatement.**

Where, upon appeal from a violation of the local option law, the appeal was dismissed for want of a proper recognizance, and thereupon a new recognizance was filed in the Court of Criminal Appeals as required by statute, the appeal was reinstated.

**2.—Same—Insufficiency of the Testimony.**

Where, upon appeal from a violation of the local option law, it appeared that the evidence was not sufficient to show that the appellant sold the whisky to the prosecutor as alleged in the indictment, the conviction could not be sustained.

Appeal from the County Court of Shelby. Tried below before the Hon. W. D. White.

Appeal from a conviction of a violation of the local option law; penalty, $25.

The opinion states the case.

*Stephenson & Stephenson,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The Assistant Attorney-General moves to dismiss the appeal because the recognizance is insufficient in that it does not state the amount of the punishment assessed against appellant. An inspection of the recognizance found in the record before this court sustains the motion of the Assistant Attorney-General and it shows on its face that the amount of the punishment assessed is not inserted in the recognizance. This is necessary under the statute as it now stands. See also May v. State, 40 Texas Crim. Rep., 196.

The motion of the Assistant Attorney-General is sustained and the appeal is dismissed.

*Dismissed.*


DAVIDSON, PRESIDING JUDGE.—On a former day of the present term the appeal in this case was dismissed for want of sufficient recognizance. Appellant has filed a motion for rehearing and reinstatement of the case and files with his motion a recognizance entered into as required by statute. This he is authorized to do under the Act of the Legislature. It appearing to the court that the law has been complied with in this matter and a proper recognizance having been entered into before the county judge of Shelby County, the judgment of dismissal will be set aside and the cause reinstated for decision upon the merits of the case.

Appellant was convicted of violating the local option law, the sale being charged as having been made to Jeff Scott. Scott was placed on the witness stand by the State and testified that on the 17th of October, 1908, he was in the little town of Joaquin, in Shelby County, and at that time he did not know the defendant; that there were five or six negroes standing in the yard where defendant lived when witness reached there; that he bought a bottle of whisky that day for which he paid a dollar; that he had a conversation at the yard gate where defendant was living; that in the conversation he asked a negro about getting whisky and the negro told him he thought he could get him some; that he, the negro, went away in the direction where some other negroes were standing in the yard, between himself and the house, and in about fifteen minutes a negro came back and brought a bottle of whisky, and he, witness, gave him a dollar for it; that this was not the same negro to whom he had talked at first. On cross-examination this witness stated that he did not give defendant the dollar, nor did he get the whisky from defendant. He further stated that defendant

was not the negro that he talked to at the gate, nor the party from whom he got the whisky, nor was he the party to whom he gave the money. Appellant took the stand and denied selling whisky to Scott or to anybody else. A grand juryman named Ferguson testified for the State that he was justice of the peace at Joaquin on the 17th of October, 1908, and was a member of the grand jury at the February term of the District Court, 1909, at which time the indictment herein was returned against the defendant; that they had defendant brought before the grand jury to testify about some jugs of whisky being broken in Joaquin and he made a statement about breaking jugs of whisky; that the district attorney asked him if it was not a fact that the Whitton boys put that whisky out there, and if it was not a fact that he was selling it for them; and defendant answered that it was, and that they were giving him some of the whisky to sell it. Another grand juryman named Nicholson states that he was foreman of that body at the February term, 1909, and that defendant was before the grand jury to testify about other matters, that is, with reference to breaking some jugs of whisky; that after he had made a statement about that matter the district attorney asked him if it was not a fact that the Whitton boys put whisky out there at his house, and if it was not a fact that he was selling it for them, and defendant answered that it was and that they were giving him some of the whisky to sell it. This is perhaps a sufficient statement of the case.

We hold that under the testimony above stated that the evidence was not sufficient to show that appellant sold the whisky to Scott, as alleged in the indictment. Scott denied purchasing the whisky from appellant or giving him any money for whisky. Appellant denied selling Scott whisky or having anything to do with the sale of whisky to Scott.

We are of opinion the State failed to make out a case, for which reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*