### JESS, HOWELL v. THE STATE.

#### No. 1708. Decided April 17, 1912.

#### Rehearing denied June 28, 1912.

**1.—Occupation—Intoxicating Liuqors—Recognizance.**

Where, upon appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors without license in nonlocal option territory, the recognizance failed to state the amount of punishment assessed against defendant, the appeal must be dismissed.

**2.—Same—Bond—Recognizance—Practice.**

The statute requires that a recognizance must be entered into in order to give this court jurisdiction, and where an appeal has been dismissed for want of sufficient recognizance a new recognizance must be filed in the court below, and the appeal can not be reinstated by bond filed in this court. Following Burton v. State, 48 Texas Crim. Rep., 544, and other cases.

Appeal from the County Court of Dallas at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in nonlocal option territory; penalty, a fine of $500 and five days confinement in the county jail.

The opinion states the case.

*P. J. Hemphill* and *Wiley & Baskett,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Motion is made by the Assistant Attorney-General to dismiss this appeal because the recognizance is fatally defective in that it does not state the amount of the punishment assessed against appellant. An inspection of that instrument sustains the contention of the State. It is well taken, therefore the appeal will be dismissed.

*Dismissed.*

ON REHEARING.

June 28, 1912.

DAVIDSON, Presiding Judge.—The appeal herein was recently dismissed for want of a sufficient recognizance. Motion for rehearing is asked, and a bond tendered to this court with the request that the case be reinstated. This can not be done. Where a conviction is had in the County Court the recognizance must be entered into during the term at which the conviction was obtained. This the appellant sought to do, but the recognizance was insufficient. The statute requires that a recognizance must be entered into in order for this court to entertain jurisdiction. The statute of 1905 provides that where the recognizance is defective the appealing party may enter into a sufficient recognizance, and when this has been done this court would entertain the appeal. This can not be done except by entering into a recognizance before the court or judge who tried the case. It can not be done by *bond* filed in this court. The statute requires it must be a *recognizance*. This matter was discussed and procedure laid down in Burton v. State, 48 Texas Crim. Rep., 544. In the same volume there is another case, Chancy v. State, at page 535. Those cases have been followed as laying down the correct rule. The bond tendered this court can not reinstate the appeal.

The motion for this reason is refused.

*Overruled.*