ALLEN ROBERTSON v. THE STATE.

No. 3546.  Decided June 23, 1915.

Rehearing denied October 13, 1915.

**1.—Local Option—Recognizance—Reinstatement.**

Where the appeal was dismissed for the want of a sufficient recognizance, but a sufficient recognizance was afterwards filed, the appeal will be reinstated, and the merits of the same decided.

**2.—Same—Statement of Facts—Bill of Exceptions.**

In the absence of a statement of facts and bill of exceptions, the cause must be affirmed.

**3.—Same—Statement of Facts—Practice on Appeal.**

Where, upon rehearing in this court, the appellant presented an application that he had been deprived of his statement of facts and bills of exception by the action of the trial judge without fault or neglect on the part of appellant or his counsel, but no affidavit is attached to said application, and no certificate is made thereto by the trial judge, the same can not be considered.

Appeal from the County Court of Rains.  Tried below before the Hon. J. B. Allred.

Appeal from a conviction for a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*A. R. Cornelius,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

The recognizance was in the sum of $250 "conditioned that the said Allen Robertson, who stands charged in this court with the offense of selling intoxicating liquor in violation of law, and who has been convicted of said offense in this court, shall appear before this court from day to day and from term to term of the same," etc.  The recognizance is not in compliance with the law.  Selling intoxicating liquor in violation of the law recites no specific offense.  That general charge may have involved any selling of intoxicating liquors violative of the law, and does not even refer to the fact that the party was charged with violating the local option law, nor does it state the punishment which was required by the statute.  While the statute says that it is sufficient to recite that appellant was convicted of a misdemeanor and given the following punishment, yet if the recognizance, in the writer's opinion, would state the specific misdemeanor of which the party was charged and convicted sufficiently as required by the law, this might answer the requirements of the statute that it was a misdemeanor, provided the offense was a misdemeanor, but it requires further that the punishment itself must be stated.  This recognizance does not comply with

the law in these respects, and, therefore, is not sufficient. For that reason this appeal must be dismissed.

In addition, however, we might further say that so far as the record is concerned there is no reason shown why the judgment should be reversed, in the absence of a statement of facts which does not accompany this record. The first ground of the motion for a new trial asserts that the verdict of the jury is contrary to the law and the evidence. The evidence, as before stated, is not in the record. The second ground complains of the refusal of the court to grant appellant's application for a continuance for a certain witness. There was no bill of exceptions reserved to this ruling of the court. The third ground of the motion was reserved to the refusal of the court to give special charge No. 1 asked by appellant. This charge may or may not have been required under the facts, but as we have not the facts before us it is impossible for us to review this question, even if the court had acquired jurisdiction. We mention these because the accused might supply a good recognizance and attach the jurisdiction of this court, although the one in the record is insufficient, but it would be useless, it occurs to us, to follow this procedure, unless there was something in the record that would justify a review of the questions presented.

The appeal will be dismissed.

*Dismissed.*

### ON REHEARING.

### June 25, 1915.

DAVIDSON, JUDGE.—On a former day of this term the appeal herein was dismissed for want of a valid recognizance. Since the rendition of that opinion appellant has filed a sufficient recognizance, which reinstates the case upon the docket. The record is now before us on its merits.

We noticed the fact in the former opinion that the record was in such condition even had the jurisdiction of this court attached the judgment would have to be affirmed. We notice again the fact that the record is before us without a statement of facts or bill of exceptions. There is, therefore, nothing before the court which can be reviewed or discussed.

The motion for new trial insists on three grounds, first, the verdict is contrary to the evidence; second, the refusal of the court to grant a continuance, and, third, refusal to give special charge No. 1. With reference to the first and third grounds, it may be stated that we can not review those matters for want of the evidence. There is nothing before us to indicate that the jury was wrong in their verdict, or that the charge was applicable to any situation presented by the evidence that would be favorable to appellant. In regard to the third ground, it may be sufficient to state there was no bill of exceptions reserved to the ruling of the court overruling the application for continuance.

The dismissal is set aside and the judgment is now affirmed.

*Affirmed.*

ON REHEARING.

October 13, 1915.

DAVIDSON, JUDGE.—At a previous term of this court the judgment herein was affirmed. After the adjournment of the term, which occurred the latter part of June, appellant filed a motion for rehearing, because appellant has been deprived of a statement of facts and bill◂ of exception by the trial judge without fault or neglect on the part of appellant or his counsel, and appellant represents to this court that he thought his attorney made and prepared a statement of facts, which was agreed to by the county attorney on the 27th of October, 1914, and which statement of facts and bills of exception were immediately presented to the trial judge with the request to approve same, or prepare a statement himself, which said judge failed and refused to do, though requested to approve the same and return same to appellant's attorney so they could be filed with the clerk. Appellant further says that the trial judge arbitrarily held in his possession the statement of facts and bills of exception until after the time allowed for filing same, and refused to approve same. Therefore, he asks this court to consider the matter. This statement is signed by counsel for appellant, but there is no affidavit made. This application is not sworn to. In other words, it is not sufficiently presented so that this court can act upon it. The judge makes no certificate, and in fact the unsworn statement by counsel is all that is presented to the court with reference to it. Under this showing we are not authorized to consider the statements in the motion, and in order to do so they must be verified in some way. The motion for rehearing, therefore, will be overruled.

*Overruled.*