JOHN ROE DORRIS V. THE STATE.

No. 3738. Decided October 27, 1915.

1.—Wife Desertion—Recognizance—Practice on Appeal.

Where, upon appeal from a conviction of wife desertion, the recognizance was not in compliance with the statute, a motion to dismiss must be sustained. Following May v. State, 49 S. W. Rep., 402.

2.—Same—Statement of Facts—Requested Charges.

Where the alleged statement of facts showed that it had not been presented or approved by the trial judge, the same could not be considered on appeal, and a complaint to the court's failure to give requested instructions can, therefore, not be considered.

Appeal from the County Court of Fisher. Tried below before the Hon. M. A. Hopson.

Appeal from a conviction of wife desertion; penalty, a fine of $200 and six months in the county jail.

The recognizance failed to state the penalty assessed against appellant. The opinion states the case.

*J. D. Barker,* for appellant

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in the opinion.

HARPER, JUDGE.—Appellant was convicted of wife desertion, and his punishment assessed at a fine of $200 and imprisonment in the county jail for a period of six months.

The Assistant Attorney General moves to dismiss the appeal because the recognizance is not in compliance with the statute, and this motion must be sustained. May v. State, 49 S. W. Rep., 402; Johnson v. State, 49 S. W. Rep., 594.

But if the recognizance was sufficient to give this court jurisdiction the statement of facts does not show to have been presented to nor approved by the county judge, and we could not consider the paper alleged to be a statement of facts. The only complaint in the motion for a new trial relates to the failure of the court to give special charges requested. With no statement of facts we can consider it would be impossible for us to determine whether or not they or either of them should have been given.

The appeal is dismissed.

*Dismissed.*