## I. B. BURNS, SR., V. THE STATE.

No. 20946. Delivered March 27, 1940.
On Motion to Reinstate Appeal May 15, 1940.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is the possession of beer in dry area for purposes of sale; the punishment assessed is a fine of $200.00.

The recognizance in this case is fatally defective and the appeal must be dismissed. It merely recites that the appellant has been convicted of the offense of possession of beer without stating words which would show that under the circumstances such possession is an offense. See Wells v. State, 24 S. W. (2d), 439, 114 Texas Crim. Rep., 63; Robertson v. State, 77 Texas Crim. Rep., 536, 179 S. W., 106; 4 Texas Juris. pp. 134-136. Moreover it does not state that appellant was convicted "in this cause" and it is not made to appear in what cause he was convicted. See Robertson v. State, 45 Texas Crim. Rep., 516, 78 S. W., 517; Hannon v. State, 48 Texas Crim. Rep., 199; see also Art. 831 C. C. P., where a proper form is set out. It might also

be noted that the caption fails to show when the term of court convened at which appellant was tried.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION TO REINSTATE THE APPEAL.

CHRISTIAN, Judge.

The record having been perfected, the appeal is reinstated and the case considered on its merits.

J. L. Sandlin, a law enforcement officer in the City of Brownwood, went to appellant's place of business on the 29th day of July, 1939. According to his testimony, as he passed through the door he saw appellant hand a glass of beer through a peephole in a partition wall between the kitchen and dance hall. Appellant was in the kitchen and the man receiving the beer was in the dance hall. After the man receiving the beer started to drink it Mr. Sandlin took possession of the glass and walked out. It does not appear that any other beer was found in the possession of appellant, it being inferable from the record that no search of the place was made. However, Mr. Sandlin said there was a man in the dance hall with a bottle of whisky. He did not know who the man was. Referring to this man, he said: "He saw me, grabbed it (referring to the whisky) back in his hand and ran out. No, I did not take any whisky or beer or anything from the possession of this defendant. * * * I do not know where the fellow who had the whisky went." The witness said further: "I did not take anything off of Burns (appellant)."

Appellant did not testify and introduced no witnesses.

There was testimony to the effect that there were a number of people in the dance hall, but there was no testimony to show that any of them, save the party the appellant handed the glass to, were drinking beer. There is nothing to show that appellant had any other beer than the glass the officer saw appellant pass through the peephole. The testimony fails to show that appellant received any pay for the beer or that it was agreed that he should receive pay therefor. Moreover, the testimony fails to show that appellant had sold or offered to sell beer or any other intoxicating liquor to any person. Under the facts reflected

by the record, the hypothesis is not unreasonable that appellant gave the beer in question to one who was a friend or a patron of his dance hall.

The name of the person to whom the beer was handed is not disclosed in the testimony of the officer or of any other witness. We quote from Branch's Ann. P. C., Section 1877, as follows:

"To sustain a conviction it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him. Tollett v. State, 44 Texas 95. Porter v. State, 1 Texas Crim. App., 399. Jones v. State, 4 Texas Crim. App. 436. Gill v. State, 36 Texas Crim. Rep. 595; 38 S. W. 190. Clifton v. State, 39 Texas Crim. Rep. 619; 47 S. W. 642."

We think the testimony does no more than to raise the suspicion that appellant possessed beer for the purpose of sale.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.