Barny Cantrell, of Dallas, and McLean, Scott & Sayers, of Fort Worth, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. A penalty of two years in jail was assessed against appellant for an offense set out in an information, which, omitting the formal parts, read as follows: "Did unlawfully with intent to extort money to wit $8,000.00 from one Moise Cerf then and there threaten to accuse the said Moise Cerf of a felony, to wit, arson, before the 40th Judicial District Court of Ellis County, Texas."

█ The court in his charge authorized a conviction of appellant if the jury believed beyond a reasonable doubt "that he threatened to accuse the said Moise Cerf of a felony before any court." Exception was reserved to this part of the court's charge because it failed to follow the allegations of the indictment. A special charge was asked and refused, the substance of which was that before the jury could find the appellant guilty they must believe that he threatened to accuse Moise Cerf of a felony, to wit, arson, in the Fortieth judicial court of Ellis county, Tex. The action of the court in refusing to amend his main charge and in refusing to give appellant's special charge is assigned as error. Practically the same question was before the court in the case of Strange v. State, 33 Tex. Cr. R. 315, 26 S. W. 406. Discussing a similar allegation, the court used this language: "This allegation constituted part of the offense, was pleaded as part of the threat, identified the threat charged to have been made, and put the parties upon notice that such state of facts would be proved against them."

In the instant case it will be observed that the court authorized a conviction if the threat was made to prosecute before "any court," without any limitation as to place and without any designation as to the court. Having alleged in the indictment that the threat was to prosecute before the court named therein, it was incumbent upon the state to sustain such allegation, and it was the duty of the court to authorize a conviction only upon proof of such allegation.

█ The point is further made that the court was in error in submitting the case to the jury because of the existence of facts which gave to appellant immunity from prosecution. Suffice it to say, in answer to this, that an issue was made as to this, which was decided adversely to appellant in the trial court and which finding is conclusive in this court.

█ If we understand the appellant's theory, as gathered from his evidence, he insisted that his only motive in approaching Cerf was to collect money paid to Cerf by the insurance company for burned buildings which ought not to have been paid by the insurance company for the reason that the fires which had destroyed said buildings were of incendiary origin, with which Cerf was criminally connected, and that he did not threaten to extort money from Cerf by any threat of criminal prosecution, but endeavored only to collect what Cerf had wrongfully and illegally received. This theory should, we think, have been affirmatively and appropriately submitted to the jury by the court in his charge. We hardly think appellant's exceptions were sufficient to require this, and mention it only in view of another trial.

Alleged errors not discussed are such as we believe to be without merit or are those not likely to occur on another trial.

For the error first above discussed, the judgment is reversed and cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

█

JAMES v. STATE. (No. 12233.)

Court of Criminal Appeals of Texas. Feb. 13, 1929.

W. H. Tolbert, of Fort Worth, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is the sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

No complaints of the rulings of the court are presented for review by bills of exceptions or otherwise. The document denominated statement of facts does not bear the certificate of the trial judge, and for that reason cannot be considered.

The judgment is affirmed.