## MIGUEL CONTRERAS V. THE STATE.

No. 17952.   Delivered March 4, 1936.
Rehearing Granted March 25, 1936.

The opinion states the case.

*McCoy, Edwards & Brady,* of Houston *(Marvin P. McCoy,* of Houston, of counsel), for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property over the value of fifty dollars; the punishment, confinement in the penitentiary for two years.

We are not warranted in considering the statement of facts as it bears no certificate showing the approval of the trial judge.   Vicera v. State, 27 S. W. (2d) 545.

No bills of exception are brought forward.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This case was affirmed on a former day of this term, the statement of facts then in the record appearing not to have been approved by the trial court. It is now made to appear that the error consisted in sending to the clerk of this court a carbon copy of the original statement of facts by the clerk of the trial court in lieu of the original statement of facts which was properly signed and approved by the trial judge and filed within the time required by law, which is now in the record and will be considered by us.

Appellant was charged with the theft of one cultivator of the value of twenty-five dollars; one middle-buster of the value of twenty dollars, and one harrow of the value of fifteen dollars. On the trial it is evident that the main defense was that the property taken was not of sufficient value to make it a felony. We are constrained to believe appellant correct in this contention. The owner of the alleged stolen property was one Santana, who testified to the loss of the three articles mentioned. This witness disclosed the fact that he did not know the market value of second-hand farming implements. He testified that the middle-buster in question had been in his possession five years; that it was second-hand at the time he bought it, and that he gave ten dollars for it. He also testified that he paid twelve dollars for the cultivator in question something like four or five years before. He gave no testimony as to the value of the harrow, saying it was not his but was simply in his possession. The State introduced a witness who sold the tools to Santana, but he said he did not remember such fact. This witness was a farmer and planter who was of opinion that the market value of the three articles in question would be sixty dollars. Santana was a tenant upon the farm of this witness. The defendant introduced Mr. Faires, who testified that his occupation was that of a hardware salesman, and that he knew the fair market value of second-hand farming tools in Hidalgo County in 1934. He said that the fair market value for a cultivator of the description of the one alleged to have been stolen would be twenty dollars, and the market value of the middle-buster like the one alleged to have been stolen

would be ten dollars, and the market value of a second-hand harrow would be about three dollars. The appellant also introduced Mr. Boles, who testified that he was a farmer and auctioneer, and that he had handled farming implements for eighteen years; that he bought and sold cultivators, etc., and that he knew what the market value of second-hand farming implements in Hildalgo County was in 1934. He said the price of second-hand riding cultivators five years old, taking in the regular wear and tear for five years, would be something like eight or ten dollars if the cultivator was in fair condition, and that the fair market value of a harrow, with all the teeth in it, would run from six to eight dollars, and that the fair market value of a middle-buster would be around ten dollars. We are unable to believe that the testimony in this case, supporting the State's contention as to the value of the property, is sufficient to make the theft a felony. So believing the motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*