### HARVEY WHITE v. THE STATE.

No. 10620.   Delivered February 9, 1927.

**1.—Possessing Intoxicating Liquors—Search Warrant—Affidavit—Held Sufficient.**

An affidavit for a search warrant sworn to before a justice of the peace is not subject to the objection that it was not verified before a justice of the peace, acting in his capacity as a magistrate.   The law makes a justice of the peace a magistrate, and his duty as such is to issue all process intended to aid in preventing and suppressing crime.   His signature to the jurat of an affidavit as justice of the peace is sufficient. · See Graham v. State, 29 Tex. Crim. Rep. 31.

**2.—Same—Requested Charges—Practice on Appeal.**

Where requested charges are refused by the trial court, the refusal of same must be excepted to at the time, and such exception must be noted on the charge or appear in a bill complaining of the refusal of the court, or the matter cannot be reviewed on appeal.   See Nichols v. State, 238 S. W. 232, and other cases cited.

Appeal from the District Court of Smith County.   Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.　　　.

*Nat W. Brooke* of Tyler, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Possessing intoxicating liquor for the purpose of sale is the offense, punishment fixed at confinement in the penitentiary for one year.

Acting under a search warrant, officers searched the premises of the appellant. The search resulted in the discovery of a half gallon of whiskey buried in what the officers described as a stable, or stall, which was back of the appellant's store. There was also an empty keg with the odor of whiskey.

Appellant introduced the testimony of his wife presenting the theory that the whiskey may have belonged to another person. The state introduced testimony tending circumstantially to combat the defensive theory mentioned.

In bill No. 1 appellant complains of the ruling of the court in receiving testimony showing the result of the search, upon the ground that the search warrant under which the officers acted was illegal. The criticisms of the search warrant, as contained in the bill, were: First, that the affidavit was made before a Justice of the Peace acting in his capacity as such instead of as a magistrate; and second, because the warrant, on its face, was shown to have been issued by a Justice of the Peace in that capacity, as contradistinguished from his capacity as a magistrate. The affidavit appears to have been made by two witnesses, who, on their oaths, declared that the said White was engaged in the unlawful sale of intoxicating liquor and keeping such liquor in his possession for the purpose of sale. They also described the residence and store of the appellant. Following the signatures of the affiants, there appears the following:

"Sworn to and subscribed before me at Tyler, Texas, this the 24th day of November, 1925.

　　　　　　　　"J. B. FRAZIER, Justice of the Peace,
　　　　　　　　"Precinct No. 1, Smith County, Texas."

The warrant is signed "J. B. Frazier, Justice of the Peace, Precinct No. 1, Smith County, Texas."

In Article 33, C. C. P., 1925, under the caption, "Who Are Magistrates,—Each of the following officers is a *'magistrate'*

within the meaning of this Code," the "Justice of the Peace" is named. One of the duties of magistrates is "to issue all process intended to aid in preventing and suppressing crime." We know of no law or reason for requiring that process, which a justice of the peace is authorized to issue in his capacity as a magistrate, be signed "Magistrate." We understand that it is enough if it be signed by a justice of the peace. This, in substance, was held in Graham v. State, 29 Tex. Crim. Rep. 31, 13 S. W. 1013, and cases mentioned. A warrant of arrest was issued by the County Judge who, in the same statute as that mentioned above, is classified as a magistrate. The warrant was attacked upon the same ground as that urged in the present case. Judge Willson, in writing the opinion of the court, said:

"Defendant's objections to the admission in evidence of the warrant of arrest were properly overruled. It was not essential that the warrant should show that it was issued by the County Judge as a 'committing magistrate.' It was issued by the County Judge and signed officially by him, and the law declares such officer to be a magistrate, and vests him with the power to issue warrants of arrest."

In bills Nos. 2 and 3 the same legal question as that hereinabove discussed is raised. The ruling of the court is therefore upheld upon the same reason and authority.

Several special charges are found in the record. However, they present no matters for review as no exceptions appear to have been taken to the overruling of any of them. See Nichols v. State, 238 S. W. 232; Torres v. State, 272 S. W. 460; Martin v. State, 272 S. W. 791; Thomas v. State, 273 S. W. 571.

No error being perceived, the judgment is affirmed.

*Affirmed.*