DOLL BIRD v. THE STATE.

No. 11553. Delivered May 2, 1928.
Rehearing denied June 20, 1928.

The opinion states the case.

*Ramey & Davidson* of Sulphur Springs, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the state.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, two years in the penitentiary.

The fact that in appellant's possession, on his premises, and made by him, were found some 25 gallons of wine with alcoholic content of more than 17 per cent; also 62 gallons of home brew of about 10 per cent alcoholic content,—is without dispute. He affirmed that he made same, but that it was made for medicine for his brother and sister, and this issue was fairly and fully submitted to the jury.

The complaint of the testimony of the officers who searched appellant's premises would be unavailing under the holding of this court in many recent cases, notably McLaughlin v. State, No. 11286, opinion handed down February 15, 1928, in all of which cases we upheld the rule that when there is evidence before the jury without objection of facts to which there is some execption, we would not reverse the case; but in the instant case we are of opinion that appellant's objections were not well founded. Two officers made affidavit for search warrant, stating facts therein as within their knowledge, and their affidavits not being on information and belief. The statements in the affidavit are as follows:

"* * * whiskey, wine, beer, mash, the same being intoxicating liquors are sold and manufactured, in said private dwelling, in violation of the law, by Doll Bird and that—he—has in said private dwelling house a still, jars, jugs, barrels, casks, pipes, and equipment to aid (him) in the manufacture and sale of said intoxicating liquors. That near said private residence, located as aforesaid, there are premises, out-houses, barns, woods, ravines, pastures, fields, all occupied and controlled by (him) that in and at said places, last aforesaid, there is now kept intoxicating liquors, viz: Whiskey, wine, mash beer, to be sold, transported and manufactured in violation of the law; that there are certain instrumentalities used to maintain said premises in violation of the law, to-wit: Jars, jugs, barrels, casks, pipes, still and equipment, and that (he) (is) the owner—— of such intoxicating liquors and instrumentalities.

"Wherefore, we ask a warrant," etc.

Upon this affidavit a search warrant was issued and by a search under same the liquor above mentioned, together with other equipment not here necessary to mention, was found. Appellant undertook to show in connection with his objections to the evidence of what was found, that the facts stated in the affidavit for search

warrant were not within the personal knowledge of the officers. Such procedure was unwarranted. The adjudication of the truth of the facts stated in such affidavit was not 'for the decision of the trial court in passing upon the objections to the search or its fruits. The affidavit stated facts and is considered by us to fully meet the requirements of the statute and the decisions relating to such affidavits. We outlined our views in the opinion in the Chapin case, 296 S. W. Rep. 1095, which have been approved in many cases since. See Sutton v. State, 300 S. W. Rep. 639. In fact we regard the affidavit herein as an admirable conformance with our statute and with our views as expressed in the Chapin case, supra. The question of the truth of the facts stated in the affidavit would seem only issuable in case the parties making such affidavit were proceeded against in some direct way, but the truth of same can not be raised by motion to quash, or by objections to the testimony, and the trial court should not permit such inquiry in such connection. See Ware v. St. No. 11334, this day decided in motion for rehearing. Without going into the details of the objections made as set out in the three bills of exception in this record, all of which relate substantially to the same matter, we are of opinion that none of them present error, and the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—All of the matters urged by appellant as against our holding in the present case were considered and discussed at some length in Ware v. State, (No. 11334, opinion on rehearing, May 2, 1928), and many authorities cited in support of the conclusions therein reached, which we believe to be sound, although at variance with the views expressed in appellant's motion.

The motion for rehearing is overruled.

*Overruled.*