JOE STAGLIK v. THE STATE.

No. 12184.   Delivered January 9, 1929.
Rehearing denied February 13, 1929.

624

The opinion states the case.

*Tarlton & Lowe* of Corpus Christi, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

A party of officers searched the house of appellant and found in the smokehouse a still, and in the kitchen an eight or ten gallon jar of beer, and under the floor of the house in a cellar, four jugs of whisky containing five or six gallons of said fluid. There were also a number of empty bottles found. The still seemed to be fully equipped and appeared to have been recently used, and was fully prepared to manufacture whisky. The evidence seems ample to support the verdict and judgment.

The record contains three bills of exception. Bills Nos. 1 and 3 were reserved to the admission of testimony of the officers as to what

they found in the search, the objections being based upon the supposed invalidity of the affidavit and warrant. We find nothing wrong with said official document, and in his brief appellant practically abandons his contention based on said bills.

Bill of exceptions No. 2 was reserved to the admission of the testimony of the witness Arnold who said that about June 10, 1927, —which was about the date of the alleged search of appellant's premises,—he went out to appellant's house one night and got a pint of whisky. An examination of the bill shows that the objection was that the testimony did not show that the witness purchased the whisky from the appellant, or that appellant was present at the time of the transaction, or that he was connected with the transaction of said sale. For all we know from the bill, the whisky may have been bought from appellant, or he may have been personally present, or the transaction may have been arranged by telephone or through some third person, or may have been conducted in the darkness of the night without disclosure of the identity of the seller. The bill merely states that the witness knew appellant Staglik, and knew where he lived at the time, and went there and paid $1.50 for a half gallon of whisky. There is not a suggestion in the bill as to who made the delivery or the sale or the arrangement concerning same. A bill of exceptions to be complete must not leave this court in the dark and call upon us to conjecture as to whether any error was committed, but should affirmatively state facts, surroundings, etc., manifesting the supposed error. Under all the authorities testimony of a sale of intoxicating liquor at or about the time of the alleged possession, would be admissible as shedding light upon the purpose of such possession, either of equipment or liquor.

We might further observe in this connection that in view of the fact that the testimony in the case shows without contradiction appellant's personal possession of the still, equipment, liquor, etc., charged in the indictment, and of the further fact that the jury gave appellant the lowest penalty for the offense charged against him, we would not feel inclined to reverse the case even if the testimony objected to had been objectionable. This court could not justify the reversal of a case where the facts plainly show the guilt of one accused of crime, for the admission of testimony which could not have affected the result or brought about the verdict rendered.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In our original opinion we inadvertently said that the conviction was for manufacturing intoxicating liquor. In fact the conviction was for possessing equipment, containers, utensils, still, supplies, mash and devices for the manufacture of intoxicating liquor.

Appellant advises in his motion for rehearing that he did not wish to be understood as waiving the question raised by bills of exception one and three, but urges it with knowledge that it has been decided adversely to his contention in Ware v. State, 7 S. W. (2d) 551 and Bird v. State, 7 S. W. (2d) 953. In those cases it was held that where an affidavit states in positive terms the existence of the facts which constitute probable cause for the issuance of a search warrant the court would not—upon the trial of one affected by evidence obtained as a result of this search—turn aside to investigate whether the affiants were in truth acting on information and belief in making the affidavit. The question was rather extensively investigated before our conclusion was announced in the opinions mentioned and our reasons and authorities are fully set out therein. They were followed in McFarland v. State, 7 S. W. (2d) 955.

Appellant questions the disposition of his bill of exception No. 2. We have again carefully examined it. While it may be true that the testimony objected to as set out in the bill does not show directly appellant's connection with or knowledge of the transactions testified to by the witness, still there is no certificate in the bill that such connection was not shown by other evidence in the case. Appellant's objection having been overruled and the evidence admitted we must indulge the presumption that the trial judge properly admitted it, unless the bill complaining of the ruling exhibits error, and we think such does not appear from the bill under consideration.

The motion for rehearing is overruled.

*Overruled.*