## Theo Wells v. The State.

No. 12880.   Delivered January 1, 1930.
Reinstated January 29, 1930.
Rehearing denied February 19, 1930.
Reported in 24 S. W. (2d) 439.

The opinion states the case.

*L. D. Hartwell* of Greenville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

The State's Attorney with this court moves to dismiss the appeal on the ground of a defective recognizance. The recognizance sets up that the defendant has been convicted for the offense of "unlaw-

ful possession of intoxicating liquor." We have no such offense known to our law. The unlawful possession of intoxicating liquor FOR THE PURPOSE OF SALE, is an offense for which there may be conviction, but the offense is not complete unless the element of the possession of such intoxicating liquor FOR THE PURPOSE OF SALE, be included. Because of such defective recognizance the appeal will be dismissed, and fifteen days will be given the accused from the date of this dismissal to properly perfect his appeal by filing with the clerk of this court an appeal bond such as is required by law.

The appeal is dismissed.

*Appeal dismissed.*

HAWKINS, J., absent.

### ON MOTION TO REINSTATE.

HAWKINS, JUDGE.—The appeal was dismissed because of a defective recognizance. It is now made to appear that the apparent defect was by reason of an inadvertent omission in copying the recognizance in the transcript. The appeal is re-instated and the case will be considered on its merits.

Officers armed with a search warrant found in appellant's residence several gallons of whisky, and a number of empty bottles. When they entered the house appellant broke some of the containers. Appellant did not testify, but his wife gave evidence to the effect that the whisky was in the house for her use as medicine; she further testified that the officers told her they had no search warrant. No search warrant or affidavit went before the jury, but a search warrant was evidently present at the trial because the return on it appears to have been examined by the witness making it to refresh his memory as to the result of the search.

Bill of exception number one shows that after one of the officers testified that he had a search warrant when he went to appellant's house appellant desired to interrogate him as to what information he had to determine whether "probable cause" existed for issuance of the warrant. This bill reveals no attack upon the warrant or the affidavit therefor, but seems to have been an effort to go behind them, which the court would not permit. In this ruling the court was following precedents. See Ware v. State, 110 Tex. Cr. R. 95, 7 S. W. (2d) 551; Rozner v. State, 109 Tex. Cr. R. 127, 3 S. W. (2d) 441; Stanzel v. State, 18 S. W. (2d) 158; Harris v. State, 15 S. W. (2d) 1048; Bird v. State, 110 Tex. Cr. R. 99, 7 S. W. (2d) 953.

In bill of exception number five appellant urges objection to certain testimony of one of the searching officers, the ground of his objection being based on certain claimed defects in the affidavit and warrant, which are stated as grounds of objection only. The bill recites that said affidavit and warrant are set out in bill of exception number one. The record does not so appear. Without having the affidavit and warrant before us we cannot review the question attempted to be raised.

All other bills of exception found in the record have been examined; none of them in our opinion presents error.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for a rehearing upon a number of grounds, none of which seem to us to be tenable. The objections to the testimony found by means of a search of appellant's place by the officers, can not be considered in view of the fact that the affidavit and search warrant are not made part of the bills presenting this complaint. In his motion for new trial appellant copies an affidavit and a search warrant, but there is no certificate of the trial court or anyone to the effect that same were the documents had by the officers at the time they made their search.

Not being able to agree with any of the contentions made by appellant, the motion for rehearing will be overruled.

*Overruled.*