AMELIO BRUNELLO v. THE STATE.

No. 13247. Delivered April 16, 1930.
Reported in 27 S. W. (2d) 540.

The opinion states the case.

*P. C. Sanders* of San Antonio, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale; punishment, two years in the penitentiary.

The facts seem ample to justify the conclusion of guilt. Appellant attacks the affidavit for the search warrant. The affidavit is positive in form and states that intoxicating liquor "is being sold and manufactured for sale" by the appellant at his residence. The affidavit was sufficient. Ware v. State, 110 Tex. Cr. R. 90; Bird v. State, 110 Tex. Cr. R. 99; Staglik v. State, 111 Tex. Cr. R. 623.

In his charge to the jury the court told them that whisky was a known intoxicant and that if they believed the appellant possessed whisky for the purpose of sale they should convict. This was in conformity with the approved precedents. Belts v. State, 112 Tex. Cr. R. 419. See many cases cited in section 1237, Branch's Ann. Tex. P. C.

The first bill of exception complains because the trial court refused to permit the appellant to go behind the affidavit and ask the witness if the facts were of his personal knowledge or upon information. The ruling was correct.

Appellant has filed an interesting and able brief citing a number of authorities from courts of other jurisdictions. We think the case to be fairly tried and that no error is shown.

The judgment will be affirmed.

*Affirmed.*