JIM VICERA v. THE STATE.

No. 13248. Delivered April 16, 1930.
Rehearing denied May 14, 1930.
Reported in 27 S. W. (2d) 545.

The opinion states the case.

P. C. *Sanders* of San Antonio, for appellant.

A. A. *Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for three years.

The document denominated statement of facts bears no certificate showing the approval of the trial judge. To warrant the consideration of the statement of facts, the approval of the trial judge is imperative. Steel v. State, 5 S. W. (2d) 517; James v. State, 13 S. W. (2d) 844.

Bills of exception found in the record relate to objections to the testimony of the officers touching the result of the search. In the absence of a statement of facts we are unable to appraise said bills.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In our former opinion we correctly held that the statement of facts in the record could not be considered because not approved by the trial judge. Appellant has duly presented a copy of the statement of facts, identical with the one which was brought up with the record, which copy was approved by the trial judge and filed in the office of the district clerk of the trial court within the time prescribed by law. Same will be considered in connection with this motion. Said statement of facts amply and fully shows that appellant had in his possession, at the time charged, a large quantity of intoxicating liquor. Appellant offered no testimony either combating that of the State, or explaining in any way compatible with law his said possession. The jury were justified in their conclusion.

There are three bills of exception in the record which were not considered by us because of the absence of a statement of facts. The first bill sets out an effort on the part of appellant to go behind the affidavit for search warrant, which stated in positive terms that appellant was making and selling intoxicating liquor in his residence, in an effort to show that one of the makers of the affidavit did not have personal knowledge of the facts. This court has said in a number of recent cases that an affidavit of such form when presented to the magistrate who issues the search warrant, and acted upon by him, renders unavailing any effort of the appellant to probe

586

the question of the knowledge of such maker. Elms v. State, 26 S. W. (2nd) 211.

Bill No. 2 sets out practically all the testimony given by the officers on the occasion of their search of appellant's premises, and then states that said testimony was objected to because the search warrant was illegally issued. The reasons for such illegal issuance are set out at much length. We think the affidavit for search warrant was in proper form in that it stated in positive terms the fact that appellant was making and selling intoxicating liquor in his private residence, and that it did not have then to further set out such facts as furnished the makers of the affidavit their ground for so affirming. The search warrant was legal. The testimony was admissible.

The remaining bill of exception sets out that the court erred in instructing the jury that whisky is a known intoxicant and capable of producing intoxication. The matter has been so often before the courts, and the correctness of this instruction affirmed, that we do not deem it necessary to cite authorities.

The motion for rehearing will be overruled.

*Overruled.*