ALGIE HINKLEY v. THE STATE.

No. 14500. Delivered November 25, 1931.
Rehearing Denied February 3, 1932.

The opinion states the case.

*A. A. Seale,* of Nacogdoches, and *Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment one year in the penitentiary.

In his brief appellant urges that the court below erred in not sustaining his objection to the introduction in evidence of what is called "A purported search warrant". No search warrant was introduced before the jury, but, if we understand this record, appellant objected to the testimony as to what was found by the officers upon search of appellant's premises, and the state offered before the court only the search warrant had by the officers, and, the affidavit upon which same was issued having been shown to be lost,—also offered a proven copy of said affidavit which, according to the testimony heard before the court in the absence of the jury, was shown to have been duly signed and sworn to by two affiants before a justice of the peace of the county. The ground of objection, as set out in bill of exception No. 3, was that the justice of the peace who took said affidavit was not a justice of the peace of the precinct in which the county seat was located, the affidavit being made in said county seat.

We think the objection properly overruled. Article 691, P. C., which makes provision for the issuance of search warrants in certain cases of violation of what may be termed the liquor laws, provides that the application for such search warrants, their execution, and all proceedings relative thereto, shall conform as near as may be to the provisions of title 6, C. C. P. (article 304, et seq.), "except where otherwise provided in this article". Title 6, C. C. P., provides for the issuance of search warrants when proper affidavits have been made before "Magistrates". Article 33, C. C. P., states who are magistrates, and, among others, enumerates justices of the peace. In Hart v. State, 15 Texas App., 202, 49 Am. Rep., 188, it is said that the jurisdiction of a justice of the peace acting as a magistrate is co-extensive with the limits of his county. See also Kerry v. State, 17 Texas App., 178, 50 Am. Rep., 122; Childers v. State, 30 Texas Crim. Rep., 197, 16 S. W., 903; Brown v. State, 55 Texas Crim. Rep., 578, 118 S. W., 139; White v. State, 106 Texas Crim. Rep., 150, 291 S. W., 232. The cases cited by appellant are not in point, and have reference to instances where the justices of the peace were acting otherwise than as magistrates.

Appellant also makes the point that one of the two affiants who signed the affidavit for the search warrant, was not a credible person. Bill of exception No. 6 shows that appellant on this trial sought to introduce evidence that one of the makers of the affidavit was not a credible person. The trial court declined to hear the testimony on the ground that the issue as to the credibility of such affiants was for the magistrate who took the affidavit. The ruling of the trial court was correct. Logan v. State, 108 Texas Crim. Rep., 129, 296 S. W., 315; Rozner v. State, 109 Texas Crim. Rep., 127, 3 S. W. (2d) 441; Ware v. State, 110 Texas Crim. Rep., 94, 7 S. W. (2d) 551, id. on rehearing, 110 Texas Crim. Rep., 96, 7 S. W. (2d) 551; Hunter v. State, 111 Texas Crim. Rep., 252, 12 S. W. (2d) 566; Elms v. State, 114 Texas Crim. Rep., 642, 26 S. W. (2d) 211; Ware v. State, 110 Texas Crim. Rep., 90, 7 S. W. (2d) 551; Vicera v. State, 115 Texas Crim. Rep., 584, 27 S. W. (2d) 545; Brunello v. State, 115 Texas Crim. Rep., 586, 27 S. W. (2d) 540.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant urges that the authorities cited in the original opinion sustaining the action of the trial court in declining to hear testimony as to the credibility of one of the affants to the affidavit upon which the search warrant was based, is not upon the exact question presented. This may be true but the

reasoning in those cases and the authorities cited in support of them does, we think, involve the exact principle.

We refer to the case of Head v. Commonwealth, 199 Ky., 222, 250 S. W., 848, for a statement from the court of that state upon the exact question here presented. We quote from the opinion as follows: "In the absence of knowledge on the part of the judicial officer of the reputation of the affiant, the presumption is that the affiant is a reputable citizen. Where the affiant conforms to the requirements and produces in the mind of the judicial officer probable cause to believe that the offense is being committed by the accused, the court will not permit the accused to question the sufficiency of the affidavit and inquire into the truth thereof or into the reputation and standing of the affiant."

The exact question was again presented to the Kentncky court in Alvey v. Commonwealth, 199 Ky., 655, 251 S. W., 856, and what they said in Head's case was reaffirmed in practically the same language used in the opinion in the Head case.

The motion for rehearing is overruled.

Overruled.