ORENE POND v. THE STATE.

No. 14501.   Delivered November 25, 1931.
Rehearing Denied February 10, 1932.

(See, also, 116 Texas Crim. Rep., 197; 32 S. W. (2d) 356.)

The opinion states the case.

*Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

The evidence for the state showed that officers of Cherokee county, with a search warrant authorizing them to search the premises where the appellant lived, searched the same and found therein a quantity of whisky. The officers further testified that at the time they went in the house, they saw the appellant throw a half-gallon fruit jar of whisky in the fire place and about the time they got into the room where she was she had another half-gallon jar in her arms, which she attempted to throw in the fire place. The officers then took hold of her and it was dropped on the floor. They testified that five pints of whisky were found under the foot of the bed. They also testified that at the time they went to the house, there was present one Ira Pond and another man whose name was unknown to them; at that time, after finding the liquor, they arrested Ira Pond and the appellant.

The appellant did not testify and offered no evidence before the jury.

As we gather from appellant's bill of exceptions, the appellant objected to the refusal of the trial court to quash the search warrant issued on the 27th day of December, 1929, by J. H. Odom, justice of the peace, under which the search was made. The motion to quash was upon the grounds, first, that the two persons who signed the affidavit for the search warrant were not credible witnesses; second, because the appellant was a married woman living with her husband at the time, and the search warrant was issued against her and her premises, and should have been issued against her husband; third, that the justice of the peace issuing the search warrant had no knowledge of the credibility of the witnesses to the affidavit. The district attorney admitted that the general reputation of the witnesses, Ray Pearson and Clyde Tillman, who signed the affidavit for the search warrant, for truth and veracity was bad in the community where they lived and that neither of them were worthy of belief and both of said witnesses had been convicted of theft in courts of competent jurisdiction within the past three years.

The court overruled the motion to quash the search warrant upon the ground that it was an attempt to collaterally attack the search warrant on the trial of this case, and the trial court could not go behind the affidavit for the search warrant, especially to review matters of fact which were forced by the findings of the justice of the peace when the search warrant was issued. We believe that the trial court was correct in such holding. The only attack made upon the face of the affidavit and the

search warrant were that they were vague, indefinite, and wholly wanting in the description attempted to be set out therein and not based upon facts which would authorize the search. The affidavit stated that the property, after describing it, was being used as a means of violating the intoxicating liquor laws of the state, to-wit: Intoxicating liquors. That the particular grounds for the aforesaid belief of affiant are as follows: That Ray Pearson, one of the affiants herein, purchased one half-pint of intoxicating liquor from Orene Pond in the place above described, being the private residence of Orene Pond, on the 24th day of December, 1929, in the presence of each other; and that the private residence of Orene Pond is a place where intoxicating liquors are sold.

It has been repeatedly held by this court that the question of the truth of facts stated in an affidavit would be issuable only in cases where the parties making such affidavit proceeded against one another in some direct way, but the truth of same could not be raised by a motion to quash or by objection to the testimony and that the trial court should not permit such inquiry in such connection. In the case of Bird v. State, 7 S. W. (2d) 953, the appellant undertook to show in connection with his objection to the evidence and what was found, that the facts stated in the affidavit for the search warrant were not within the personal knowledge of the affiants, and it was held in that case that such procedure was unwarranted; that the adjudication of the truth of the facts stated in such affidavit was not for the decision of the trial court in passing upon the objection to the search or its fruits. To the same effect is Ware v. State, 110 Texas Crim. Rep., 90, 7 S. W. (2d) 551; and Brunello v. State, 115 Texas Crim. Rep., 586, 27 S. W. (2d) 540.

In the case of Piper v. State, 116 Texas Crim. Rep., 378, 34 S. W. (2d) 283, appellant sought to impeach the affidavit for the search warrant by oral testimony going to show that the affidavit did not speak the truth. It was held in that case that the court properly rejected such testimony, and a number of cases were cited in support thereof. See also Jenkins v. State, 116 Texas Crim. Rep., 374, 32 S. W. (2d) 848.

In the case of Ware v. State, supra, wherein the appellant, John Ware, was convicted of possessing intoxicating liquor for the purpose of sale and wherein a search warrant had been issued upon the affidavit of two persons, it developed on examination of one of the affiants that while he had sworn in the affidavit to an unequivocal existence of certain things as facts, in truth his affidavit was based upon information and rumors relative to the matter. Upon this being ascertained, appellant objected to the witness testifying to the discovery made by virtue of the search. In other words, appellant sought upon the trial to go behind the affidavit and although the affidavit was sufficient upon its face to show probable cause and justify the magistrate in issuing the warrant, appellant contended that if in truth the affiants were not in possession of the facts or

information which amount to probable cause, evidence obtained under the search warrant should be excluded, although the magistrate acted properly in issuing the warrant upon a valid affidavit. After an exhaustive review of decisions in other states, as well as this, Judge Hawkins, speaking for the court on motion for rehearing, stated that where an affidavit upon which a warrant was issued contains positive averments of facts justifying the issuance of the warrant, its validity is not affected by proof aliunde that the facts therein positively stated were in reality stated upon information and belief. After determining that an inquiry into the truth or veracity of the affidavit would be collateral and inadmissible in evidence, he stated further: "To our minds, any other rule would not only bring about confusion and disorder in determining the competency of evidence procured under search warrants valid upon their face and predicated upon affidavits from which the magistrate could determine that 'probable cause' was shown, but in many cases the issue of defendant's guilt or innocence would be lost sight of in an inquiry whether affiants had committed perjury in making the affidavit upon which the search warrant was based, although upon its face the affidavit was sufficient and perfectly regular. In such cases it seems that orderly trials must postpone investigation of affiants' good faith to another time and tribunal." This holding was approved by Presiding Judge Morrow in his opinion on the second motion for rehearing.

We perceive no good reason why the rule announced in the decisions of this court cited should not apply to this case, where the attempt is made to collaterally attack the affidavit and search warrant upon the ground that the affidavits were not made by credible persons. There is no claim that the persons making said affidavit were not competent to give evidence, but only that they were not credible persons. It is admitted that the magistrate issuing the search warrant had no knowledge as to the want of credibility of the persons making their affidavits, and there is no claim that he did not act in good faith in issuing the search warrant. The search warrant issued was valid on its face and issued upon affidavits sufficient on their faces and any inquiry as to the credibility of the affiants making such affidavits would be collateral and inadmissible in the present trial. Any other rule would encourage an attack on the correctness or truth of any statement of any affidavit upon which a search warrant might be issued and would necessitate in almost every case the determining in advance of the competency of the evidence procured under search warrants valid upon thier faces and would also inject into the case the issue whether the persons making the affidavits general reputation for truth and veracity was good or bad. We do not believe that the magistrate issuing the search warrant abused the discretion vested in him in issuing the search warrant and that the same was issued upon probable cause. The search warrant was valid on its face and issued upon affi-

davits sufficient on their faces, and the evidence procured by the execution of the search warrant cannot be said to be inadmissible because of a subsequent attack upon the credibility of the witnesses making said affidavit.

Appellant also seeks to attack the search of the premises by reason of the fact that it did not belong to her and was not in her possession and that she was a husband and that the search warrant should have been directed against her husband, with whom she was living at the time. If we go to the record of the testimony given upon the motion to quash the search warrant, it is shown that some time prior to the search of said premises the appellant had obtained a divorce from her former husband, Ira Pond, and that they had not remarried, but weer living together, according to the testimony of Ira Pond, and were claiming to be man and wife. It was also agreed upon at said hearing that the deed to the premises searched had been subsequent to the divorce and the property had been deeded to the appellant and that the vendor lien notes given in part payment of said property had been signed by the appellant alone. There was also evidence to the effct that the appellant subsequently to the divorce tried to put the said Ira Pond under a peace bond and stated at that time that she was divorced from him and that he was not her husband. There is no evidence appearing in the record upon the trial of the case before the jury as to whether or not the appellant and Ira Pond were living together as man and wife. Nor was there any issue made on the trial of said case except on the motion to quash as to whether or not it was separate property of the appellant, and on the hearing of the motion to quash before the court, the court found against the appellant on this issue. We see no abuse of discretion of the court in so holding.

The appellant excepted to the main charge of the court for the reason that appellant was entitled to a charge on circumstantial evidence telling the jury that there was no proof other than by circumstances that this defendant was in possession of the alleged intoxicating liquor. The uncontradicted evidence shows that the appellant was in actual personal possession of part of the whisky and sought to destroy said whisky when the officers entered the house. There was no evidence showing any one else actually in possession of said whisky and no evidence was offered on the trial of the case as to her not being in possession of the liquor found on said premises or that the liquor belonged to any other person.

No reversible error appearing, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that the testimony shows

her to have been a married woman living with her husband at the time of the search of her premises and the finding of the liquor in question, and that because of such fact it was error for the affidavit to have stated, and the search warrant based thereon to have followed, that the premises searched were occupied and controlled by appellant.

We see no good to come from any expression of our views in regard to the correctness vel non of the opinion in DeBeque v. Ligon (Texas Com. App.), 292 S. W., 157, in which were involved questions of property rights as affected by the conclusion that DeBeque and his deceased wife had contracted a common law marriage after they had been divorced. In the case before us we are not confronted by any question of such rights, but are called on to say whether officers of the law are protected and justified in accepting from the magistrate a search warrant directing a search of premises alleged to be occupied and controlled by a woman, which was executed by them and a considerable quantity of whisky found, which the woman was engaged in destroying and attempting to destroy when the officers entered the house; also whether the court below committed error in refusing to quash said search warrant, and in admitting evidence by the officers as to what they found upon search of said premises. The ground of complaint of this was that notwithstanding appellant and her husband had been divorced in August, 1928, they had continued to occupy the same house, and it was contended by appellant they had entered into a common law marriage, and were living together in such relation at the time of said raid, and that hence the husband was the legal occupant and in control of said premises. In addition to the case above mentioned, appellant cites Watson v. State, 114 Texas Crim. Rep., 117, 24 S. W. (2d) 830, but no question of a search warrant was in that case, and this court repeatedly says in its opinion that appellant, Hilda Watson, was doing nothing showing that she was connected with the liquor found in the house any more than to be present. Not so here.

The trial court in the instant case, upon all the authorities cited in our original opinion, and for the reasons therein stated, correctly refused to go behind the affidavit and search warrant which were regular upon their faces, and to question the correctness of the magistrate in issuing the search warrant. Said court properly overruled appellant's motion to quash the affidavit and search warrant. Upon the trial proper, no testimony was offered in behalf of appellant, and in no bill of exception taken to the reception of testimony, or to any other procedure had after the overruling of the motion to quash, was the contention made by appellant that the evidence should not have been received. There is no bill of exception certifying that any such facts were brought before the court below during the trial, nor is there anything in the record, save the matters pertaining to the motion to quash the search warrant, supporting any contention that appellant was not the occupant of and in control of said

premises, as well as the possessor of said intoxicating liquor, but the facts seemed ample to support a contrary conclusion.

Not being in accord with any contention made, the motion for rehearing will be overruled.

*Overruled.*