GEORGE M. DIKES v. THE STATE.

No. 14598. Delivered February 10, 1932.
Rehearing Denied April 13, 1932.

The opinion states the case.

*McGaugh & Darroch,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

Operating under a search warrant, officers went to appellant's premises for the purpose of making a search for intoxicating liquor. They found in a storm cellar about six or eight steps north of appellant's house, and on his premises, a ten-gallon keg of whisky. They found about two gallons of whisky in the attic of the house, and also seven or eight empty kegs, and approximately a dozen fruit jars. Appellant did not testify in his own behalf. He introduced a number of witnesses who testified that his general reputation for being peaceable and law-abiding was good. Appellant's wife testified that during the year 1930 she and other members of the family used whisky for medicinal purposes. She said she had a son who had tuberculosis and that a physician had advised that he use whisky. She testified further that appellant also drank whisky, and that the entire family consumed approximately two quarts per week. She said she did not know of any sale of whisky her husband had made.

Appellant objected to the testimony of the officers touching the result of the search on the ground, among others, that the affidavit and warrant issued thereon were insufficient, in that said instruments did not contain a sufficient description of the premises to be searched. The search warrant follows the affidavit. The affidavit—omitting the portions not thought to be pertinent reads as follows: "The State of Texas, County of Brown. We, M. H. Denman and W. E. Hallmark do solemnly swear that there is situated in said county and state certain premises located and described as follows: A private residence, same being a one story frame structure with a gallery on the front, situated about fourteen miles northeast of the city of Brownwood, and a few hundred yards from what is known as Gap Creek School House, and being the nearest residence to said school house; that on and near said premises above described and being a part thereof and used in connection therewith, are certain outhouses, barns and other buildings; that said premises, located and described as aforesaid, and said outhouses, barns and other buildings are under control of, and are used and occupied by George Dikes; that on and in said premises and said outhouses, barns and other buildings intoxicating liquor, to-wit: Whisky, is being possessed, sold, delivered, manufactured and transported in violation of law by said George Dikes; that on and in said premises and said barns, outhouses and other buildings are certain containers, utensils and instrumentalities, to-wit: Bottles, jars, corks, kegs, copper coils and boiler that are used by said George Dikes in the unlawful sale, delivery, manufacture, and transportation of

intoxicating liquor. Wherefore, we ask that a warrant to search the above described premises, and said outhouses, barns and other buildings used in connection therewith, and to seize said intoxicating liquor, containers, utensils and instrumentalities be forthwith issued in accordance with law as is in such cases provided."

The affidavit is signed by two affiants, and sworn to before the justice of the peace who issued the warrant. An examination of the case of Ware v. State, 110 Texas Crim. Rep., 90, 7 S. W. (2d) 551, discloses that the affidavit there under consideration was very similar to that in the present case. It was held in Ware's case that the premises and property to be searched were sufficiently described. We are unable to discern any material differences between the affidavit here and that in Ware's case. Hence, we are constrained to hold the description to have been sufficient.

Appellant brings forward a bill of exception wherein he complains of the testimony of the officers touching the finding of whisky in a storm cellar situated on appellant's premises about six or eight steps from his dwelling house. It is appellant's contention, as disclosed by the bill of exception, that a description of the storm cellar was not contained in the search warrant. A similar situation was presented in Seale v. State, 118 Texas Crim. Rep., 324, 39 S. W. (2d) 58. There it was stated in the affidavit that the thereinafter described place, house, building, residence and premises were being used and occupied as a place for unlawful manufacture of intoxicating liquor. The building, place, residence and premisses were described in the affidavit as a certain filling station, building or house located and situated as described in the affidavit. It was held that the description was sufficiently broad to include a garage which was situated approximately twenty-five feet from the filling station. The opinion is expressed that the holding in Seale's case should be given application here. It follows that we deem the description sufficiently broad to include the cellar.

The two affiants stated in positive terms, as disclosed by the affidavit, that appellant was selling and manufacturing intoxicating liquor in his private residence and on his premises. Appellant, as disclosed by bill of exception No. 1, objected to the testimony of the officers on the ground that the affidavit upon which the search warrant was based was, although in positive form, made upon information and belief, and that the facts upon which such belief was based were not set forth in the affidavit. Where the ultimate fact is stated as a fact, and not merely as upon "information and belief", the magistrate is justified in his conclusion that "probable cause" existed for issuing the warrant, provided those things stated as facts would, if true, furnish sufficient "probable cause". Ware v. State, 110 Texas Crim. Rep., 90, 7 S. W. (2d) 551; Ryan v. State, 114 Texas Crim. Rep., 658, 26 S. W. (2d) 208; Brunello v.

State, 115 Texas Crim. Rep., 586, 27 S. W. (2d) 540; Bird v. State, 110 Texas Crim. Rep., 99, 7 S. W. (2d) 953; Staglik v. State, 111 Texas Crim. Rep., 623, 13 S. W. (2d) 376.

As shown by bill of exception No. 2, appellant sought to prove by the officers making the affidavit for the search warrant that they did not know of their personal knowledge at the time they made the affidavit that appellant was manufacturing and selling intoxicating liquor in his private residence and on his premises. It is recited in the bill of exception that the witnesses would have testified, if permitted, in substance, that they had no personal knowledge of the matter, but had been informed by a third person that appellant was manufacturing and selling intoxicating liquor on said premises. The court was not in error in declining to permit the inquiry to be made. Ware v. State, supra; Bird v. State, 110 Texas Crim. Rep., 99, 7 S. W. (2d) 953; Piper v. State, 116 Texas Crim. Rep., 378, 34 S. W. (2d) 283.

Failing to find error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The affidavit stated as facts things which if true furnished "probable cause" for the issuance of the search warrant. Appellant again urges in his motion for rehearing that the trial court erred in not permitting him to go behind the affidavit and show that, though positive in form, it was in fact made upon information and belief, and to show that the affiants had no personal knowledge at the time they made the affidavit that appellant was manufacturing or selling intoxicating liquor in his private residence or on his premises. These questions were discussed at some length in Ware v. State, 110 Texas Crim. Rep., 90, 7 S. W. (2d) 551, and Bird v. State, 110 Texas. Crim| Rep., 99, 7 S. W. (2d) 953, and in the other cases referred to in our original opinion. In addition to those we cite Wells v. State, 114 Texas Crim. Rep., 63, 24 S. W. (2d) 439; Boone v. State, 114 Texas Crim. Rep., 653, 26 S. W. (2d) 655; Cordona v. State, 115 Texas Crim. Rep., 538, 31 S. W. (2d) 542; Pond v. State, 119 Texas Crim. Rep., 306, 45 S. W. (2d) 962; Hinkley v. State, 119 Texas Crim. Rep., 254, 45 S. W. (2d) 581; Vicera v. State, 115 Texas Crim. Rep., 584, 27 S. W. (2d) 545; Montgomery v. State, 115 Texas Crim. Rep., 469, 31 S. W. (2d) 440. The holding in all of the cases mentioned both in the original opinion and hereinabove support the conclusion announced in the original opinion.

The motion for rehearing is overruled.

*Overruled.*