BILL PATE v. THE STATE.

No. 17463. Delivered April 10, 1935.
Rehearing Denied June 19, 1935.

The opinion states the case.

*R. A. Wilson,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing whisky for purposes of sale; punishment, three years in the penitentiary.

The facts show without dispute that on the occasion in question appellant was found in Amarillo, Texas, in possession of sixty cases of whisky.

We find in the record three bills of exception. Bill No. 1 shows that appellant objected to the testimony of officer Brewer as to what was found as the result of a search of cabin 22 of the Dreamland Tourist Camp in Amarillo, Texas, it being shown that Brewer and Wilkinson had gone with a search warrant to said cabin and found therein the whisky mentioned. The objections stated were (1) that the affidavit did not sufficiently

describe the premises to be searched; (2) it contained no showing of probable cause; (3) while showing on its face to have been sworn to positively by two persons, it was in fact sworn to by said persons "To the best of their knowledge and belief"; (4) the general objection that the search was unlawful.

The description of the premises was as follows: "Cabin 22 in Dreamland Tourist Camp at 742 North Fillmore Street, Amarillo, Potter County, Texas." This was sufficient. The affidavit also stated that appellant was keeping said cabin, and that in said house intoxicating liquor was being made and sold in violation of law. This we regard as a sufficient statement of probable cause. Appellant admits in his said bill of exceptions,—and it is shown by the affidavit made by the officers, which was admitted for the inspection of the trial court and appears in this record,—that upon its face the affidavit was in exact compliance with the law, both of the statute and its interpretation by the decisions of this court. It is therein stated that the two makers of the affidavit duly swore to same in positive and unequivocal terms. In such case we have laid down the rule that the affidavit being in proper form, the magistrate to whom same was presented, was fully justified in the issuance of the search warrant, and the officers receiving such search warrant were duly authorized to proceed thereunder. The leading case is Ware v. State, 110 Texas Crim. Rep., 95, in which we cite with approval Corpus Juris, Vol. 33, p. 676, as follows: "Where an affidavit, upon which a warrant was issued, contains positive averments of facts justifying the issuance of the warrant, its validity is not affected by proof aliunde that the facts therein positively stated were in reality stated upon information and belief."

Also therein, upon many citations, Judge Hawkins, speaking for the court, says: "It will be observed that the affidavit does not on its face disclose that the averments therein are based 'upon information and belief.' Affiants state in positive terms that appellant kept and sold in the described premises intoxicating liquor in violation of the law. Where the ultimate fact is stated as a fact, and not merely as upon 'information and belief' it has been held sufficient to justify the magistrate in his conclusion that 'probable cause' existed for issuing the warrant provided those things stated as facts would, if true, furnish such 'probable cause.'"

Judge Morrow, in another part of the same decision, says: "An inquiry into the truth or falsity of the affidavit would be collateral and inadmissible in the present trial."

So in Bird v. State, 7 S. W. (2d) 954, we said: "The question of the truth of the facts stated in the affidavit would seem only issuable in case the parties making such affidavit were proceeded against in some direct way, but the truth of same can not be raised by motion to quash, or by objection to the testimony, and the trial court should not permit such inquiry in such connection."

"In Dikes v. State, 120 Texas Crim. Rep., 127, the same complaint was presented as here, viz: that, though positive in form, appellant could show that the affidavit was in fact made upon information and belief. We affirm the rule that in such case what was found as the result of the search was legally admitted in evidence. In the opinion on rehearing in said case, upon citation of many authorities, Judge Hawkins, who wrote in the Ware case, supra, again says: "The affidavit stated as facts things which, if true, furnished 'probable cause' for the issuance of the search warrant. Appellant again urges in his motion for rehearing that the trial court erred in not permitting him to go behind the affidavit and show that, though positive in form, it was in fact made upon information and belief, and to show that the affiants had no personal knowledge at the time they made the affidavit that appellant was manufacturing or selling intoxicating liquor in his private residence or on his premises. These questions were discussed at some length in Ware v. State, 110 Texas Crim. Rep., 90, 7 S. W. (2d) 551, * * * The holding in all of the cases mentioned both in the original opinion and hereinabove support the conclusion announced in the original opinion."

We are aware of the fact that in the cases of Armstrong v. State, 107 Texas Crim. Rep., 553, and Moore v. State, 112 Texas Crim. Rep., 142, the accused was permitted to show that in fact one of the parties, whose name appeared as joint maker of the affidavit, was not in fact sworn as such maker, and in said cases it was held erroneous to admit evidence of what was found upon search of a private residence had under authority of a warrant based on such affidavit. We regarded the showing in those cases sufficient to make evident a violation of a mandatory requirement of the statute (Art. 691, P. C.) but see no such analogy as would lead us to believe the trial court erred in the instant case in holding that the search warrant was properly issued, and the testimony of the officers was properly received.

Our State's Attorney also insists that the facts in this record show a case in which the officers opened no door, but on the contrary observed appellant in possession of whisky under cir-

cumstances which relieved from the necessity of use of a search warrant in order to make the search legal. We deem it unnecessary to discuss the proposition which, on the facts, seems tenable, being of opinion that the search upon warrant was legal. We further note that there is not a suggestion in testimony of any fact which would lend support to any conclusion that appellant ate or slept or in any proper sense lived in cabin 22. He rented it under an assumed name. No one ever saw him in it from August 27th, when he rented it, till September 1st when the officers followed him and found him in possession of sixty cases of whisky. Appellant did not testify. The officers said there was in said cabin no cooking utensils, no bed covering or linen, and nothing except a bed with an old mattress on it,—nothing which in fact would support belief that the cabin was "A private dwelling occupied as such," in the language of Art. 691, P. C. relating to searches in liquor cases.

What we have above said covers fully the complaints appearing in bills of exception 2 and 3.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

MORROW, PRESIDING JUDGE (Concurring).—Concurring in the result of the appeal, the following remarks are made, namely: To search a building not a private residence, the search warrant requires the oath of but one person. It is only when the search is made of a private residence that the oath of two persons is required. See Art. 691, P. C.

The evidence in the present record seems conclusive that the building searched was not used as a private residence. See Blakemore on Prohibition (3rd Ed.) p. 626, secs. 973, 974. See also Wolf v. State, 110 Texas Crim. Rep., 124; Hoppe v. State, 122 Texas Crim. Rep., 440.

An expression touching the other matters involved in the appeal is deemed unnecessary.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant says in his motion for rehearing that he has no fault to find with the holding in Ware v. State, 110 Texas Crim. Rep., 90, 7 S. W. (2d) 551; Bird v. State, 110 Texas Crim. Rep., 99, 7 S. W. (2d) 953; Dikes v State, 120 Texas Crim. Rep., 127, 48 S. W. (2d) 259, cited in our original opinion. Said cases announce that an accused could not go behind an affidavit for search warrant which affi-

davit was positive in form and which exhibited probable cause, and attempt to show that the affiants were acting on information and belief. Appellant insists that he made no attempt to impeach the recitals in the affidavit, but that his attack was upon the jurat of the officer as not speaking the truth regarding the form of the oath administered to affiants. The jurat to the affidavit reads as follows: "Subscribed and sworn to before me by Roy Brewer and Ivy Wilkinson on this the 1st day of September, A. D. 1934." (signed) "G. B. Reed, Justice of the Peace, Precinct No. 3, Potter County, Texas."

Brewer testified that the justice of the peace administered a joint oath to him and Wilkinson, and that as he remembered the oath the justice incorporated therein the words "to the best of your knowledge and belief." Wilkinson and Reed contradicted Brewer as to the form of the oath, it being their positive testimony that the words "to the best of your knowledge and belief" were not incorporated in the oath. It is appellant's contention that an affidavit will not support the issuance of a search warrant unless it is sworn to by affiants "positively and unequivocally," and that the testimony regarding the form of oath administered being contradictory it raised an issue of fact which should have been submitted to the jury under proper instruction. Appellant objected in the proper manner because such instruction was omitted from the court's charge, and also requested the giving of a special charge on the subject which would have told the jury if they found that in administering the oath to Brewer and Wilkinson the justice of the peace incorporated the words "to the best of your knowledge and belief" that the jury would acquit appellant. The only evidence against appellant was that of the two officers as to what was found under the search warrant.

We have not been able to agree that under the record the question is so serious as appellant seems to think. The affidavit upon which the search warrant was predicated contains a description of the house to be searched, and an averment that in said house spirituous, vinous and malt intoxicating liquors were sold and manufactured, and that appellant and others kept said house for that purpose. We copy from the affidavit the following statement. "And each of said affiants further deposes and says that their knowledge of the truth of the above and foregoing statements is based upon the following facts, viz: The affiant, Roy Brewer, says that a credible person told him that intoxicating liquors in excess of 3.2 percent alcohol by weight were being kept at the above described premises for the

purpose of sale, this the 1st day of September, 1934, and affiant, Ivy Wilkinson, says that a credible person told him that intoxicating liquors in excess of 3.2 percent alcohol by weight were being kept at the above described premises for the purpose of sale, this the 1st day of September, 1934."

This court has always held that an affidavit made on information and belief, and which state no facts, circumstances or information upon which such belief is based would not support the issuance of a search warrant. See Steverson v. State, 109 Texas Crim. Rep., 11, 2 S. W. (2d) 453, and cases therein cited. It is equally as well settled that this court will uphold the issuance of a search warrant where the affidavit shows it was made upon information and belief, if there is stated in the affidavit such facts, circumstances or information, as exhibits "probable cause." See Rozner v. State, 109 Texas Crim. Rep., 127, 3 S. W. (2d) 441; Ruhman v. State, 113 Texas Crim. Rep., 527, 22 S. W. (2d) 1069; Smith v. State, 114 Texas Crim. Rep., 315, 23 S. W., 387; Elms v. State, 114 Texas Crim. Rep., 642, 26 S. W. (2d) 211; Denzlinger v. State, 116 Texas Crim. Rep., 158, 28 S. W. (2d) 160; Bird v. State, 116 Texas Crim. Rep., 290, 31 S. W. (2d) 651; Hartless v. State, 50 S. W. (2d) 1097. In the present case it appears from the recitals in the affidavit itself that the affiants thereto were not basing the request for the search warrant upon their own knowledge but were predicating it upon information from others, which information is set out in the affidavit. If the justice of the peace had administered the oath as was remembered by Brewer no sensible construction could be given it other than that affiants were making the affidavit upon the information exhibited, and belief in its truth. Under the circumstances we do not regard the refusal of appellant's special instruction as presenting error calling for reversal.

This further observation may not be out of place. Was it the duty of the court to determine the admissibility of the evidence of the officers if such admissibility turned upon the form of oath administered, or should the court have permitted the jury to determine its admissibility under a proper instruction? In Bingham v. State, 97 Texas Crim. Rep., 596, 262 S. W., 747, we discussed the procedure where it was necessary for the court to first determine a preliminary issue of fact in ruling on the admissibility of proffered testimony, and expressed doubt as to the propriety of extending the rule of submitting such matters to the jury. If the issue made in the present case as to the form of oath administered by the justice of the peace was a

vital question, still it was a preliminary matter and if the court should have decided it, then under the evidence on the point he was fully warranted in finding against appellant's contention as to the form of oath.

The motion for rehearing is overruled.

*Overruled.*