**Bobby Gene BARNES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49347.**

Court of Criminal Appeals of Texas.
March 12, 1975.

Rehearing Denied April 9, 1975.

Jerry J. Loftin, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Donald S. Gandy, Tim Evans and Glen Eakman, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of felony theft. Punishment was assessed at five years.

In his fourth ground of error, appellant raises the contention of insufficiency of the evidence to support the verdict.

The record reflects that on November 2, 1972, a gold colored 1971 Chevrolet pickup truck with a white top was stolen from Gene Church. The truck was parked that evening on the driveway in front of Church's home, and it was not there on the following morning. Church, who was in the construction business, placed the value of the truck at $3,000.00 and testified tools in a large white box in the bed of the truck when it was stolen had an additional value of $3,000.00.

The record further reflects that following a three day surveillance of appellant's residence by Officers Blaisdale and Bridges,[1] during which time appellant, together with James Sharp and David Jetton were observed working on cars and going in and out of the premises, and appellant was seen driving a gold colored 1971 Chevrolet pickup truck, license No. 2N–8269, similar to the one stolen from Church, Blaisdale and Bridges secured a warrant authorizing a search of the premises. On executing the search warrant on November 10, Blaisdale noticed Sharp cutting on a 1972 Lincoln automobile which was in a barn, and appellant standing about five feet away overlooking Sharp's work. Upon seeing the officers approach, appellant said to Sharp, "James, get up" and stated to Officer Bridges: "Mr. Bridges, you can take everything in the place except the motorcycle—it's not stolen, I bought it and I have a receipt for it." The officers found a 1971 gold colored Chevrolet pickup truck, license No. 2N–8269, standing near the barn on appellant's premises, which was the same truck the officers had noticed appellant drive during their surveillance of the premises. The officers took possession of this truck, and also of a number of tools which were found in the barn. During their surveillance the officers had seen appellant going in and coming out of the barn on many occasions. They had also observed Sharp and Jetton doing the same. Jetton had been seen by the officers on several occasions driving the pickup in question.

The gold colored Chevrolet pickup was identified by Church as his truck that had been stolen from his residence. The tools found on appellant's premises were also identified by Church as the tools which were in the bed of the truck when it was stolen.

Appellant testified that the portion of his land where the truck and the tools were found had been orally sublet by him to James Sharp and David Jetton, and that he had no idea of any unlawful character of their activity. He denied having had any part of the theft of Church's truck and tools.

The court included in his charge to the jury instructions on the law of circumstantial evidence, and on the law of principals.

■ We conclude that the evidence is sufficient to support the jury's verdict. The testimony of the officers is sufficient to show that appellant, both personally and as a principal, was exercising care, control and custody of the pickup truck which was on his property. Unexplained possession of recently stolen property is sufficient to support a conviction for theft of such property. Smith v. State, Tex.Cr.App., 518 S.W.2d 823 (1975); Gaines v. State, Tex.Cr.App., 501 S.W.2d 315; Sirabella v. State, Tex.Cr.App., 492 S.W.2d 571. No explanation of appellant's possession of the stolen truck and tools was made by appellant at the time he was found in possession. It should be borne in mind that we must view the evidence in the light most favorable to the State, and that it is the explanation made at the time the accused is found in possession which controls, and not the explanation made at the time of the trial. Grant v. State, Tex.Cr.App., 507 S.W.2d 732; Sirabella v. State, supra; Bowers v. State, Tex.Cr.App., 414 S.W.2d 929.

The fourth ground of error is overruled.

In his first ground of error, appellant contends that the search warrant was invalid, and that the evidence secured as a consequence of the officers executing the warrant was, as a result, inadmissible.

■ Appellant does not question the sufficiency of the affidavit to show probable cause; neither does he challenge the substance of the search warrant. His argument is that the warrant was not issued by a "neutral and detached" magistrate,

1. Blaisdale had received a tip from a confidential informer which cauesd him to make this surveillance.

since the magistrate testified that he had issued the warrant without having read the affidavit on which it was based.

In Harkey v. State, 142 Tex.Cr.App. 32, 150 S.W.2d 808 (1941), the Court stated:

"Bill of exception 2 relates to the refusal of the court to permit appellant to ask the justice of the peace who issued the search warrant whether he had read the affidavit upon which it was based. Bill of exception No. 3 relates to an effort on the part of appellant to show that the officers making the affidavit for the warrant made a false statement in such affidavit when they set forth therein that appellant possessed beer on his premises for the purpose of sale. The court was correct in refusing to permit the inquiries shown in said bills 2 and 3. The affidavit and warrant were not subject to be attacked in the manner appellant was seeking to attack them. See Dikes v. State, 120 Tex.Cr.R. 127, 48 S. W.2d 259, and authorities cited."

In Phenix v. State, Tex.Cr.App., 488 S. W.2d 759, on p. 765, we said:

"In Wetherby v. State, [Tex.Cr.App.] 482 S.W.2d 852 (1972) this court said: '. . . it is well settled that a court will not look behind the allegations of an affidavit for the issuance of a search warrant. Brown v. State, 437 S.W.2d 828 (Tex.Cr.App.1968).' The rule in *Wetherby* has long been followed by this court." Citing authorities.

We hold that for the reasons stated above there is no merit in appellant's contention.

■ Additionally, at the hearing held by the trial court in the absence of the jury, Justice of the Peace Matthews testified that while he did not read all of the three page, single spaced, affidavit presented him by Officers Blaisdale and Bridges, but only "touched the high parts," he did question the officers in detail about its contents, and about the necessity of the issuance of

the warrant, and that he was acquainted with the requirements for showing probable cause, and that it was only after satisfying himself that probable cause existed for the search of the premises described that he issued the warrant.

Appellant's contention that Judge Matthews was not a "neutral and detached magistrate" is without merit. See Deal v. State, Tex.Cr.App., 508 S.W.2d 355.

The first ground of error is overruled.

In his second ground, appellant complains of error in the admission in evidence, over his objections, of testimony regarding extraneous offenses.

■ The ground of error makes reference by page number of the transcription of the reporter's notes to four separate alleged errors in the introduction of evidence, and is clearly multifarious. It does not comply with the requirements of Article 40.09, § 9, Vernon's Ann.C.C.P. and presents nothing for review. Stein v. State, Tex.Cr.App., 514 S.W.2d 927; Elizalde v. State, Tex.Cr.App., 507 S.W.2d 749; Randolph v. State, Tex.Cr.App., 499 S.W.2d 311.

■ Nevertheless, we have reviewed the portions of the record referred to in appellant's brief, and find no reversible error. Three of the episodes complained of occurred at the time and scene of the execution of the search warrant and the arrest of appellant. This evidence was so interconnected with the commission of the offense as to be a part of the res gestae and was admissible to show the context in which the offense occurred. Calverley v. State, Tex.Cr.App., 511 S.W.2d 60; Simmons v. State, Tex.Cr.App., 504 S.W.2d 465, 473; Van Slyke v. State, Tex.Cr.App., 489 S.W.2d 590; Albrecht v. State, Tex. Cr.App., 486 S.W.2d 97.

■ The fourth complaint under this ground of error concerns the admission of evidence, on State's rebuttal, of appellant having been observed on March 20, 1972,

with another individual using a cutting torch on an automobile and also changing the license plates. Since appellant had testified, prior to the introduction of this evidence, that he was not in any way involved in the cutting by torch of the 1972 Lincoln on his premises on the occasion of his arrest in the instant case, and denied that he ever used a torch to cut up cars, and denied particularly having cut up a car with a torch on March 20, 1972, and denied any knowledge or intent with reference to the theft of Church's pickup truck, this evidence was properly admitted to show knowledge and intent, and to rebut the defensive theory. Thrush v. State, Tex.Cr.App., 515 S.W.2d 122. Lolmaugh v. State, Tex.Cr.App., 514 S.W.2d 758; Gilmore v. State, Tex.Cr.App., 493 S.W.2d 163; Albrecht v. State, supra.

The second ground of error is overruled.

Appellant, in his third ground, complains of reversible error in the action of the court in not allowing his wife to testify.

■ Before any evidence had been offered, the defense invoked the provisions of Article 36.03, V.A.C.C.P.[2] During the trial appellant raised an issue as to whether or not Officer Blaisdale had trespassed upon appellant's property while conducting his surveillance prior to securing the search warrant. The record reflects that the wife of appellant had been in the courtroom as a spectator and had heard the testimony relative to this issue. Appellant thereafter offered her testimony to show the disputed property line. The court ruled that under the provisions of Art. 36.03, supra, she could not testify.

In Miller v. State, Tex.Cr.App., 455 S.W.2d 253, under similar circumstances, the Court said:

"In Jupe v. State, 86 Tex.Cr.R. 573, 217 S.W. 1041, this Court stated: '[i]f ap-pellant wishes to use his wife as a witness he will observe the rules of the court with reference to placing witnesses under the rule.'

"In Barbee v. State, Tex.Cr.App., 432 S.W.2d 78, the wife remained in the courtroom during the trial after the rule had been invoked, and the Court held that it was not error to refuse to permit her to testify in support of a bill of exception.

"The admissibility of testimony of witnesses who have violated the rule, or who have not been placed under the rule, is a matter addressed to the discretion of the trial court, and, until the contrary appears, it will be presumed on appeal that such discretion was properly exercised. 1 Branch's Ann.P.C.2d, Sec. 365.

"No abuse of discretion has been shown."

In the instant case, the record does not reflect any abuse of the court's discretion. The third ground of error is overruled.

■ Appellant in his fifth ground complains of four instances of the State's jury argument at the guilt stage. His complaints are summarized in his brief as follows:

"The State undertook to prove that the Appellant, Bobby Gene Barnes, stole from Mr. Gene Church a 1971 Chevrolet pick-up. The State, however, did not allege or seek to prove that the Appellant was part of an auto theft ring. But the prosecution repeatedly (S/F pg. 701, 708, 709, 710) referred to an alleged auto theft ring, of which the Appellant was alleged to be a memeber (sic). These repeated innuendoes were outside the record. No competent evidence was introduced during the Appellant's trial which could justify these closing remarks."

We have reviewed the arguments complained of, and find that in each instance

---

2. Article 36.03. Witnesses placed under rule. "At the request of either party, the witnesses on both sides may be sworn and placed in the custody of an officer and removed out of the courtroom to some place where they cannot hear the testimony as delivered by any other witness in the cause. This is termed placing witnesses under rule."

the State's argument was based on evidence in the record. The testimony of the officers concerning what they observed during their three days' surveillance of appellant's premises, and what they found when they executed the search warrant which included testimony of substitution of vehicle identification numbers on cars, and a swapping of license plates, and the evidence that on another occasion appellant was seen cutting up a car with a cutting torch, and changing the license plates, justified the conclusions drawn by the prosecuting attorney. Frazier v. State, Tex.Cr.App., 480 S.W.2d 375, 381; Archer v. State, Tex.Cr.App., 474 S. W.2d 484.

The fifth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.