**Affirmed and Memorandum Opinion filed February 19, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00841-CR

---

### KEVIN ANDERSON KING, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 262nd District Court
### Harris County, Texas
### Trial Court Cause No. 1396672

---

## M E M O R A N D U M    O P I N I O N

Appellant Kevin Anderson King challenges his aggravated robbery conviction. In his first issue, appellant contends the evidence is legally insufficient for a rational juror to conclude he committed the elements of the offense beyond a reasonable doubt. In his second issue, appellant argues he was denied the effective assistance of counsel because his trial lawyer failed to file a motion to suppress evidence obtained during a traffic stop.

We hold the evidence is legally sufficient for a rational juror to find beyond a reasonable doubt that appellant committed the offense of aggravated robbery. We further hold appellant did not demonstrate he was denied the effective assistance of counsel because he did not show by a preponderance of the evidence that the motion to suppress would have been successful. We therefore affirm the trial court's judgment.

## BACKGROUND

Darren McNeil testified that he came home one day and observed a man walking toward one of his cars. As he approached the car, he noticed the wheels on the driver's side were missing. He then saw appellant lying down on the ground next to the passenger side. Appellant was raising McNeil's car with a jack. The lug nuts of the wheels on that side had been loosened. McNeil asked appellant what he was doing, at which point appellant stood up and started swinging the handle of the car jack at him. Appellant struck McNeil's arms and ribs with the handle. McNeil stated that he could have been killed if he had been hit in the head. Appellant then drove off, and McNeil pursued him in another car.

Officer Darrell Breedlove testified he was on a routine patrol that day when he observed a blue four-door car traveling at "a very high rate of speed." He pulled the vehicle over for speeding. Breedlove identified appellant as the individual driving the car. McNeil pulled over behind Breedlove's car. McNeil told Breedlove that appellant had stolen the rims and tires from one of his cars. A hydraulic jack, a jack handle, and the missing rims and tires from McNeil's car were found inside the vehicle appellant was driving.

A jury convicted appellant of aggravated robbery. He was sentenced to fifty-five years in prison and assessed a fine of $10,000 dollars. This appeal followed.

ANALYSIS

## I. The evidence was legally sufficient for a rational juror to find beyond a reasonable doubt that appellant committed aggravated robbery.

In his first issue, appellant challenges the legal sufficiency of the evidence to convict him of the offense of aggravated robbery. Appellant argues that the evidence indicating his innocence overwhelmingly outweighs the evidence implicating him in the crime. In particular, appellant asserts the evidence is legally insufficient for two reasons: (1) McNeil never testified that he observed appellant removing the wheels from his vehicle; and (2) the State never offered evidence demonstrating appellant knew the wheels to McNeil's car were in the vehicle he was driving.

### A. Standard of review

We review evidentiary sufficiency challenges under the standard set forth in *Jackson v. Virginia. See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The reviewing court must consider the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Anderson v. State*, 416 S.W.3d 884, 888 (Tex. Crim. App. 2013). The jury is the sole judge of the credibility of witnesses and the weight to afford their testimony. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). The jury may reasonably infer facts from the evidence presented, credit the witnesses it chooses, disbelieve any or all of the evidence or testimony proffered, and weigh the evidence as it sees fit. *See Canfield v. State*, 429 S.W.3d 54, 65 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). When the record supports conflicting inferences, the reviewing court presumes the trier of fact resolved the conflicts in favor of the verdict and defers to that determination.

3

*Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  Our role on appeal is simply to ensure that the evidence reasonably supports the jury's verdict.  *Montgomery*, 369 S.W.3d at 192.

**B.  There is sufficient evidence that appellant unlawfully appropriated the wheels with intent to deprive McNeil of them.**

A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.  Tex. Penal Code Ann. § 29.02(a)(2) (West 2011).  A person commits theft if he unlawfully appropriates property with intent to deprive the owner of it.  Tex. Penal Code Ann. § 31.03(a) (West 2011).  Appropriation is unlawful if it is without the owner's effective consent.  Tex. Penal Code Ann. § 31.03(b)(1) (West 2011).  A person commits aggravated robbery if he uses or exhibits a deadly weapon during the commission of a robbery.  Tex. Penal Code Ann. § 29.03(a)(2) (West 2011).

We begin with appellant's general contention that the evidence he did not rob McNeil overwhelmingly outweighs the evidence indicating he committed the offense.  In making this argument, appellant misunderstands the nature of legal sufficiency review.  Our role on appeal is not to weigh the evidence but rather to ensure the evidence supports the conviction beyond a reasonable doubt.  *Montgomery*, 369 S.W.3d at 192.

Appellant's specific contentions that no one observed him removing the wheels and that there is no evidence he knew the wheels were in the car he was driving are arguments that there was insufficient evidence of the underlying theft necessary to support his conviction for aggravated robbery.  Accordingly, we focus our review on the evidence regarding whether appellant unlawfully appropriated the wheels with intent to deprive McNeil of them.

4

McNeil found appellant lying next to the car and using a jack to raise it up. Appellant attacked McNeil with a jack handle after McNeil asked appellant what he was doing. Appellant then fled at a high rate of speed. After appellant was pulled over by Officer Breedlove, the tires, a jack, and a jack handle were found inside the car he was driving. McNeil testified he had not given anyone permission to remove the tires. From this evidence, a juror could reasonably infer that appellant unlawfully took the tires from McNeil's car and that he knew the tires were in the car when he drove off. The jury is allowed to draw reasonable inferences from the evidence presented. *See Canfield*, 429 S.W.3d at 65; *see also Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) ("In assessing the legal sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt.").

The State was not required to present witnesses who saw appellant remove the tires or evidence showing directly that appellant knew the tires were in the car when he fled the scene. The unexplained possession of stolen property is a sufficient basis to sustain a conviction for theft. *Barnes v. State*, 520 S.W.2d 401, 403 (Tex. Crim. App. 1975); *see also Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (holding circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt). The State also need not prove that appellant owned the vehicle he was driving. *See In re J.R.F.*, 14-04-00818-CV, 2006 WL 1911473 (Tex. App.—Houston [14th Dist.] July 13, 2006, no pet.) (mem. op.) (holding that notwithstanding individual's claim that he found a backpack with stolen property on the bus, evidence was sufficient to support his conviction because he had

control of the backpack at the time the stolen items were discovered).  Finally, the Court of Criminal Appeals has held that escape, flight, and attempt to escape are admissible as circumstances from which an inference of guilt may be drawn. *Thomas v. State*, 530 S.W.2d 834, 836 (Tex. Crim. App. 1975).  For these reasons, we hold that a reasonable jury could find beyond a reasonable doubt that appellant committed the offense of aggravated robbery.  We overrule appellant's first issue.

**II.     Appellant did not demonstrate ineffective assistance of counsel because he failed to establish by a preponderance of the evidence that a motion to suppress would have been successful.**

In his second issue, appellant alleges he was denied effective assistance of counsel at trial because his counsel failed to file a motion to suppress the evidence obtained as a result of the traffic stop.  Appellant contends the State did not establish that he made an illegal turn, and thus the officer lacked probable cause to stop him.

In reviewing claims of ineffective assistance of counsel, we apply a two-prong test.  *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  An appellant must prove by a preponderance of the evidence that (1) his trial counsel's representation fell below the prevailing standard of professional norms, and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.  *Id.*

An accused is entitled to reasonably effective assistance of counsel.  *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Bradley v. State*, 359 S.W.3d 912, 916 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).  A trial counsel's failure to file a motion to suppress is not per se ineffective assistance of counsel. *See Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).  Counsel is not required to

6

engage in the filing of futile motions. *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991). Rather, to satisfy the *Strickland* test and prevail on an ineffective assistance claim premised on counsel's failure to file a motion to suppress, an appellant must show by a preponderance of the evidence that the motion to suppress would have been granted and that the remaining evidence would have been insufficient to support his conviction. *Jackson v. State*, 973 S.W.2d 954, 956–57 (Tex. Crim. App. 1998). To meet his burden, appellant is required to produce evidence that would defeat the presumption of proper police conduct. *Id.* at 957.

At trial, although Officer Breedlove did testify that he saw the car make an illegal right turn, he stated that he stopped the vehicle for speeding. Because the officer stopped the vehicle for speeding, not making an illegal right turn, appellant cannot demonstrate by a preponderance of the evidence that a motion to suppress based on failure to establish an illegal turn would have been granted. We therefore overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's two issues, we affirm the trial court's judgment.

/s/        J. Brett Busby
                 Justice

Panel consists of Justices Christopher and Busby and Judge Hinde.[1]
Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[1] The Honorable Dan Hinde, Judge of the 269th District Court, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(h) (West 2013).